THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
VERNON BRANCH and VRADEN BRANCH, Appellants.

Third Department, December 8, 1977

**APPEARANCES OF COUNSEL**

*E. Stewart Jones, Jr.,* for Vernon Branch, appellant.

*Donald J. Shanley* for Vraden Branch, appellant.

*Pierce H. Russell, District Attorney (Charles J. Wilcox* of counsel), for respondents.

**OPINION OF THE COURT**

MAHONEY, J.

Although defendants have alleged numerous grounds for

reversal, we shall confine our review to a threshold issue we feel to be dispositive of this appeal. We decide no other issue.

After defendants had exhausted all their peremptory challenges and a motion to increase the number of peremptories had been denied, one James Scott was called from the panel as a prospective trial juror. The *voir dire* revealed that Mr. Scott had been employed for the three years last past as a part-time police officer in Poestenkill, a town in the County of Rensselaer, and, further, that he not only knew Mr. Wilcox, the presenting prosecutor, but had worked professionally with him and with the Rensselaer County District Attorney's office. Mr. Scott also stated that he had socialized with Mr. Wilcox on several occasions. Nevertheless, Mr. Scott was able to state that his job as a part-time police officer as well as his personal relationship with the prosecutor would not interfere with his exercise of impartiality, or cause him to decide the issues of guilt or innocence in any manner other than by a fair interpretation of all the evidence. Defendants' challenge for cause was disallowed and Mr. Scott was seated as a trial juror.

■ It is clear that where, as here, a defendant has exhausted his peremptory challenges, an erroneous ruling by the court denying a challegne for cause is reversible error (CPL 270.20, subd 2). Whether such error was committed below depends on the interpretation of CPL 270.20 (subd 1, par [c]), which, in pertinent part, states: "1. A challenge for cause is an objection to a prospective juror and may be made only on the ground that * * * (C) He is related within the sixth degree by consanguinity or affinity to the defendant, or to the person allegedly injured by the crime charged, or to a prospective witness at the trial, or to counsel for the people or for the defendant; or that he is or was a party adverse to any such person in a civil action; or that he has complained against or been accused by any such person in a criminal action; *or that he bears some other relationship to any such person of such nature that it is likely to preclude him from rendering an impartial verdict"* (emphasis added).

This provision is derived from former section 377 of the Code of Criminal Procedure under which a juror could be challenged for cause if he was involved in one of eight exclusive relationships. His bias was presumed. This was different from a challenge for cause under subdivision 2 of section 376 of the Code of Criminal Procedure based on a juror's evidencing a state of mind indicating that he could not try an issue

impartially. In the latter situation, the juror was able to overcome this impression by declaring an expurgatory oath to the effect that his opinion would not influence his verdict and that he could render an impartial verdict. Such an oath was not available with respect to the enumerated relationships in section 377 of the Code of Criminal Procedure.

■ Though CPL 270.20 for the most part restates the prior law contained in those two sections, there are certain alterations which are of significance. First, as noted by Judge WACHTLER in *People v Culhane* (33 NY2d 90, 104, n 2), although paragraph (c) of subdivision 1 of the new provision "has carried forward most of the enumerated disqualifying status categories found in the prior law, the list is no longer confined to specific enumerated relationships. [It] now specifically provides that a challenge for cause may be made on the broader ground that the prospective juror *'bears some other relationship to any such person* [examples as to identity of such person given by Judge WACHTLER omitted] *of such nature that it is likely to preclude him from rendering an impartial verdict'* ". (Emphasis added.) Thus, it seems clear that the present law now "gives the Trial Judge greater flexibility and a greater responsibility in determining which veniremen should be excused for cause. Thus, it is apparent that the Legislature has now adopted the more flexible approach evident in *[Sims v United States* (405 F 2d 1381)] and *[Commonwealth v Colon* (223 Pa Super Ct 202)]." *(People v Culhane, supra,* p 104.) In both *Sims* and *Colon,* jurors were disqualified for cause not because they were unable to avow the absence of bias, but because in certain close relationships "the court will presume the likelihood of prejudice" as opposed to other situations when a challenge for cause would be granted "when the potential juror's likelihood of prejudice is exhibited by his conduct and answers to questions at *voir dire." (Commonwealth v Colon, supra,* pp 205-206.) The Legislature, in CPL 270.20 (subd 1, pars [b], [c]) made two distinct and different provisions for challenging for cause. Paragraph (b) provides for such challenge if a prospective juror "has a *state of mind* that is likely to preclude him from rendering an impartial verdict based upon the evidence adduced at the trial". (Emphasis added.) Here, the expurgatory oath is still an operative device under which a prospective juror may satisfactorily show his impartiality. However, in paragraph (c), the provision invoked here, there is no such indication that the juror's

state of mind is germane. It is his relationship, considered objectively, to any person involved in the case, that is the sole consideration. If that relationship is inherently suspect, the juror's "state of mind" is not relevant. While CPL 270.20 (subd 1, par [c]) is silent as to whether proof of the relationship constitutes an *automatic* disqualification of the prospective juror, it is clear that the expurgatory oath has been abandoned and the decision rests solely with the Trial Judge. We only note that the appearance of impartiality is an essential manifestation of its reality *(Dennis v United States,* 339 US 162, 182).

■ ■ Therefore, we conclude that CPL 270.20 (subd 1, par [c]) precludes taking into account any statements of impartiality made in an attempt to overcome a relationship that objectively is likely to preclude such impartiality, and that the relationship involved here is of such a nature. To hold otherwise and thus approve consideration of expurgatory statements where such a relationship exists would require reviving an abandoned statute and applying it in situations where it previously had no effect.

The judgment should be reversed, on the law, and a new trial ordered.

SWEENEY, J. P., KANE, MAIN and MIKOLL, JJ., concur.

Judgment reversed, on the law, and a new trial ordered.