■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v HOWARD HOLMAN, Respondent. — Order of the Supreme Court, New York County (D. Edwards, J.), entered on June 25, 1981, granting defendant's motion to suppress a quantity of cocaine and a loaded .32 caliber revolver seized from defendant, reversed, on the law and facts, and the motion by defendant for an order suppressing said physical evidence is denied. As found by the Criminal Term, the facts relating to defendant's arrest are as follows: On August 27, 1980, at approximately 12:40 P.M., off-duty Police Officer Joseph Castaldo, was in the area of 49th Street and 6th Avenue. He watched defendant for 15 or 20 minutes at that location which he described as being one known for a high incidence of marihuana and cocaine sales. During the period of his observation, several people approached and spoke to defendant. Defendant offered and then handed one of these persons a tinfoil packet, which the officer believed to be a packet of cocaine. Officer Castaldo approached the defendant and asked him what he had in his pocket. In response, defendant asked the officer if he was "the man". Officer Castaldo responded that he was and showed the defendant his police department shield. The defendant then replied, "I got cocaine in my pocket". The officer then went into defendant's pocket and came out with five tinfoil packets of cocaine. The defendant, who had been holding a black bag, then said to Castaldo, "Officer, before you go in the black bag I have

to tell you there's a .32 loaded caliber gun". The defendant further added that he was on his way to the precinct to turn in the gun. On the theory that Officer Castaldo had no experience in narcotics investigations or arrests, the court rejected his conclusions that the area was one known for drug sales and that the tinfoil packet contained cocaine. The court decided that the officer had no articulable reason to suspect that the defendant was engaged in any criminal activity. It concluded accordingly, that the officer's street inquiry was improper. The court found the decision in *People v De Bour* (40 NY2d 210), to be inapposite, because, there, some form of identification was requested from the defendant before the officer asked any other questions. The decision of the suppression court was in error. The crucial factor in deciding whether or not a particular police action constitutes an illegal seizure is whether the behavior of the police was reasonable under the circumstances. Such a determination requires consideration of whether the action was justified at its inception and reasonably related in scope to the circumstances which rendered its initiation permissible. (*People v De Bour, supra,* at p 215; *Terry v Ohio,* 392 US 1, 20-21.) The case at bar involves a minimal intrusion, stimulated by a highly credible reason. The officer noticed defendant standing for a considerable period of time on a street known by the public and by him for drug activity, talking to passersby, and giving one of them a tinfoil packet which suggested that it contained cocaine. In response to these events, the officer merely walked up to defendant, without drawing his gun or restraining the defendant and asked one question. The court below placed too much reliance on the fact that Officer Castaldo had no prior specific experience with drug arrests. Castaldo was a police officer for more than six years. He was entitled to draw on his whole range of expertise as a criminal investigation officer (*People v Corrado,* 22 NY2d 308, 313-314). It would be reasonable to assume that the officer, as he testified, knew that drugs are often passed in tinfoil packets and that certain areas of the city, including this one, are notorious for narcotics trafficking. These facts do not constitute esoteric data known only to veteran members of the narcotics squad. Indeed, the average citizen of New York is well acquainted with them. The officer did not act improperly simply because he began his inquiry by asking defendant what he had in his pocket, rather than for identification. Street inquiries which did not begin with a request for identification have been approved in many cases. (See, e.g., *People v Moore,* 47 NY2d 911, revg 62 AD2d 155, on dissenting opn of Silverman, J.; *People v De Bour, supra.*) Concur — Ross, J. P., Asch, Markewich, Bloom and Milonas, JJ.