■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DAVID B. CLARK and NANCY L. STOUT, Respondents.—Mikoll, J. Appeal from a order of the County Court of Warren County (Moynihan, Jr., J.), entered December 19, 1986, which granted defendants' motions to, inter alia, suppress certain evidence.

State Police Investigator James W. Werthmuller was asked by an anonymous telephone caller on December 9, 1985, "do you know that [defendant David B. Clark] is involved, heavily dealing with cocaine?" Werthmuller replied that he knew Clark and the caller said, "Well, he is dealing quite heavily * * * You know where George Green lives?" Werthmuller responded that he did know and the caller said, "He is living behind George Green's house." The following day the anonymous caller again telephoned Werthmuller and said, "Dave and his girlfriend [defendant Nancy L. Stout] will be leaving Lake George and they've got a large quantity of cocaine and other drugs." Werthmuller and Lieutenant Lloyd R. Wilson took up a watch on Clark's residence and observed Clark and Stout enter a car and drive off. There came a time when the officers pulled alongside defendants' car and signalled Clark to stop. The officers noticed activity in the car in response to

their presence. The officers smelled marihuana coming from the car and ordered defendants out. Upon discovering marihuana on the floor of the vehicle and a vial containing cocaine on the person of Stout, defendants were placed under arrest. A search of defendants' vehicle revealed quantities of cocaine, hashish and a loaded gun. A statement was made by Stout and a later search of Clark's residence, pursuant to a search warrant, turned up drugs and guns.

On January 30, 1986 defendants were indicted by a Warren County Grand Jury and charged with several weapons and drug possession felonies. Suppression hearings were held on August 5, 1986 and November 5, 1986. Subsequently, County Court granted defendants' motions for suppression and ordered that all evidence acquired as a direct result of the stop of the vehicle was inadmissible at trial. The People appeal.

There should be an affirmance. The police officers did not possess sufficient information to justify stopping defendants' vehicle. The alleged reasonable suspicion was based on the two telephone calls from the anonymous caller and the observations of the police which corroborated only the noncriminal details of the information received. The record does not show that the automobile was described by the anonymous tipster. The information was not specific enough to show personal knowledge by the tipster. No criminal activity, nor activity suggestive of such, was observed by the police. Neither the anonymous tip nor the observations of the officers was sufficient to raise a reasonable suspicion of criminal activity *(see, People v Sobotker,* 43 NY2d 559; *People v Ingle,* 36 NY2d 413). Reasonable suspicion must exist prior to making a stop *(see, People v Stewart,* 41 NY2d 65; *see also, People v Holman,* 90 AD2d 746). County Court found that the stop was already in progress in this case before the officers observed any movements of defendants and this court is obligated to give substantial deference to the factual findings of County Court on issues of credibility *(see, People v Watson,* 96 AD2d 1066).

As the information and observations which led to the stop of defendants was not sufficient to raise a reasonable suspicion that criminal activity was afoot before the direction to stop was given by the police, the subsequent arrest and search of defendants, search of the vehicle, the statement given by Stout and the search of Clark's residence were required to be suppressed under the fruit of the poisonous tree doctrine *(see, Wong Sun v United States,* 371 US 471; *see also,* CPLR 710.20 [4]).

We have considered the People's other arguments for reversal and find them unpersuasive.

Order affirmed. Mahoney, P. J., Casey, Mikoll, Levine and Harvey, JJ., concur.