■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL RIVERA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Di Tucci, J.), rendered October 24, 1984, convicting him of robbery in the first degree and robbery in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence, when viewed in a light most favorable to the People, was legally sufficient to support the defendant's conviction *(see, People v Contes,* 60 NY2d 620). Moreover, upon the exercise of our factual review power, we find that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). Three officers testified as to their observations of the defendant's participation in the crimes charged. Each officer had known the defendant before the commission of the crimes and recognized him as one of the assailants.

The Trial Judge's instructions on identification adequately conveyed to the jury the applicable law governing its deliberations. The Trial Judge instructed the members of the jury that they "must be convinced beyond a reasonable doubt that each of the defendants is one of the individuals who in fact commit-

ted the crime or crimes charged" and also gave a general instruction on weighing the witnesses' credibility *(see, People v Whalen,* 59 NY2d 273, 279). Nor was the defendant denied a fair trial by the prosecutor's claimed misconduct *(see, People v Johnson,* 57 NY2d 969; *People v Crimmins,* 36 NY2d 230; *People v Roopchand,* 107 AD2d 35, *affd* 65 NY2d 837). We also find no error in the Trial Judge's refusal to allow the defendant to exercise an additional peremptory challenge or to exclude a retired policeman from the jury for cause *(see, People v Williams,* 63 NY2d 882, 884). The juror was retired from the police force for 19 years and when questioned as to whether he would more readily accept the testimony of a policeman because he was once a police officer, he replied, "No. I would not." He was also asked, "Do you think that as of now, because of your experience and the fact [that] a police officer made an arrest, you are inclined to think those individuals must be guilty and they are going to have to go some to prove they are not?" He responded, "I would not draw that conclusion". Such "[an] expurgatory oath is still an operative device under which a prospective juror may satisfactorily show his impartiality" *(People v Branch,* 59 AD2d 459, 462, *affd* 46 NY2d 645).

We have considered the defendant's remaining contentions and find them to be without merit. Lawrence, J. P., Kunzeman, Kooper and Spatt, JJ., concur.