■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER TALLEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (O'Brien, J.), rendered December 12, 1986, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find no error in the trial court's refusal to provide the jury with detailed and extensive instructions on identification as requested by defense counsel. The Court of Appeals has stated that "[a] Judge who gives a general instruction on weighing witnesses' credibility and who states that identification must be proven beyond a reasonable doubt has made an accurate statement of the law" *(People v Whalen,* 59 NY2d 273, 279).

The complaining witness had ample opportunity to view the defendant in the brightly lit interior of an elevator when she stood face-to-face with him a mere 2½ feet away. Although the witness did not immediately remember the defendant's name, she recognized the defendant at that time, having known his family for several years. Later that evening the witness recalled the defendant's name and reported it to a police officer.

Moreover, the Trial Judge delivered extensive instructions emphasizing the presumption of innocence, the prosecutor's burden to prove every element of the crime charged, including identification, beyond a reasonable doubt, and the general factors relevant to an evaluation of the accuracy and credibility of witnesses.

Accordingly, the charge provided by the trial court was adequate under the circumstances of this case *(see, People v Whalen, supra; see, People v Rivera,* 137 AD2d 634; *People v Blake,* 124 AD2d 666; *People v Martinez,* 118 AD2d 661). Thompson, J. P., Rubin, Spatt and Balletta, JJ., concur.