■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN CAMPO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mullen, J., at trial; Rohl, J., at sentence), rendered August 22, 1988, convicting him of operating a motor vehicle while intoxicated (two counts), operating an uninspected motor vehicle, and speeding, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (5).

Contrary to the defendant's contention, we conclude that, based upon the record before us, the trial court did not err in denying the defendant's challenge for cause to a prospective juror who had previously served as a police officer and had arrested individuals for driving while intoxicated. The prospective juror indicated that he had not served as a police officer for more than 10 years and stated that he believed that he could be impartial (see, People v Rivera, 137 AD2d 634). Moreover, the record does not indicate that the prospective juror made any comments reflective of "a state of mind that [was] likely to preclude him from rendering an impartial verdict based upon the evidence adduced at the trial" (CPL 270.20 [1] [b]; see also, People v Hernandez, 122 AD2d 856).

We further find that the trial court did not improvidently exercise its discretion in permitting one of the defendant's witnesses, who testified as to the defendant's reputation, to be cross-examined as to whether he was aware that the defendant had previously been convicted for driving while impaired (see, People v Alamo, 23 NY2d 630, 634, cert denied 396 US 879; People v Tuckerman, 134 AD2d 732; People v Tempera, 94 AD2d 748, 750). We note that this questioning was followed by appropriate limiting instructions by the court.

We have considered the defendant's remaining contention and find that it does not warrant reversal. Brown, J. P., Lawrence, Kooper and Balletta, JJ., concur.