■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO RUIZ, Also Known as FELIX RUIZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered December 19, 1984, convicting him of murder in the second degree (two counts) and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

On the night of August 20, 1983, the defendant and an accomplice robbed a grocery store after they had ordered its customers to lie down on the floor. When the store owner resisted, the accomplice fatally shot him. During the course of the holdup, three of the eyewitnesses were able to observe the defendant's partially covered face. In addition, during the course of a struggle with the deceased, the defendant's face covering fell down and two of the witnesses were able to see his entire face clearly.

The defendant's contentions that the photographic array and lineup procedures were rendered impermissibly suggestive

by a scar on his face and injuries to his face are without merit *(see, People v Phillips,* 145 AD2d 656; *People v Williams,* 118 AD2d 610). All of the other participants in the array and lineup were approximately the same age, height, weight and build as the defendant and had similar skin tones and hairstyles *(see, People v Cunningham,* 110 AD2d 708, 709). In each procedure, at least one other individual had a facial scar above the eye and appeared bruised. Under the circumstances, the hearing court properly determined that the lineup and the in-court identifications of the defendant by the eyewitnesses were admissible.

Nor did the court's *Sandoval* ruling deprive the defendant of a fair trial *(see, People v Sandoval,* 34 NY2d 371). The record clearly shows that the court gave thoughtful consideration to the problems presented by the length of the defendant's prior criminal record. Indeed, the court carefully weighed the probative worth of the defendant's prior criminal record against "the risk of unfair prejudice to the defendant, measured both by the impact of such evidence if it is admitted after his testimony and by the effect its probable introduction may have in discouraging him from taking the stand on his own behalf" *(see, People v Sandoval, supra,* at 375).

Moreover, contrary to the defendant's contention, we conclude that, based upon the record before us, the trial court did not err in denying the defendant's challenge for cause to two prospective jurors with police backgrounds and a third with a criminal law background *(see, People v Ruiz,* 126 Misc 2d 389). One prospective juror was a security supervisor who oversaw police officers and former police officers, another was a police officer in Kings County, and the third was a former author of the practice commentaries to McKinney's Penal Law. However, despite their backgrounds, the three prospective jurors made no comments or otherwise conducted themselves in a manner reflective of "a state of mind that [was] likely to preclude [them] from rendering an impartial verdict based upon the evidence adduced at the trial" (CPL 270.20 [1] [b]; *People v Campo,* 156 AD2d 375). Moreover, in view of the fact that the Legislature did not include police officers or law professors as among those specifically enumerated under CPL 270.10, it cannot be inferred, as the defendant would have us do, that such people are inherently biased against any particular criminal defendant.

We have reviewed the defendant's remaining contentions and find them to be without merit. Kooper, J. P., Sullivan, Harwood and Balletta, JJ., concur.