■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RICKY COLEMAN, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROY MOORE, Respondent.—Appeal by the People from an order of the County Court, Nassau County (Mackston, J.), dated March 18, 1991, which granted that branch of the defendant Coleman's omnibus motion, joined in by the defendant Moore, which was to suppress physical evidence.

Ordered that the order is reversed, on the law, that branch of the defendant Coleman's omnibus motion, joined by the defendant Moore, which was to suppress physical evidence is denied, and the matter is remitted to the County Court, Nassau County, for further proceedings consistent herewith.

The suppression hearing disclosed that a police officer, having 18 years experience with the police department, was in the process of videotaping an area where he had made numerous drug arrests when he observed the defendants arrive in a BMW automobile. The officer testified, and the videotape confirms, that pedestrians congregated around the vehicle during the brief time that it was parked in the area. One man entered the vehicle and stayed a short time. Another man approached the driver's side, removed something from his back pocket, and gave it to the driver, the defendant Coleman. Coleman subsequently left the car for a few minutes and the officer recognized him as someone the officer had previously observed in the area and believed to be involved in drug sales. Meanwhile, the defendant Moore, who was in the passenger's seat, exited the car. The officer testified further that he observed a woman remove currency from her purse and hand it to Moore in exchange for an unidentifiable object. When the defendants returned to the car and began driving away, the officer made a radio transmission to the back-up officers telling them to stop the BMW automobile. Upon stopping and approaching the defendants' vehicle, the back-up officers saw, in plain view inside the car, a plastic bag containing vials of what appeared to be cocaine.

We agree with the People that suppression of the physical evidence should not have been granted. It is fundamental that in order to stop a vehicle the police must have a "reasonable suspicion", based on objective evidence, that the occupants were involved in a felony or misdemeanor *(see, People v Hicks,* 68 NY2d 234; *People v Ingle,* 36 NY2d 413; *People v Wade,* 143 AD2d 703; *People v Ball,* 141 AD2d 743). Although the police could not ascertain precisely what was being exchanged between the defendants and the pedestrians, the circumstances clearly suggested that the exchanges involved drug transactions and gave the police at least reasonable suspicion to stop the vehicle. The police were entitled to draw upon their experience and knowledge in determining that the defendants might have been selling drugs from inside and around their car *(see generally, People v Bronston,* 68 NY2d 880; *People v Brown,* 151 AD2d 199, 203). This case is distinguishable from *People v Batista* (156 AD2d 455), which primarily involved a determination of probable cause based upon the observation of only one exchange *(see also, People v Bennett,* 170 AD2d 516). Accordingly, the stop of the vehicle was warranted, affording the police a lawful position to observe the drugs in plain view, thereby giving rise to probable cause to arrest *(see, People v Mack,* 162 AD2d 624). Under the circumstances, there is no basis for suppression of the narcotics. Bracken, J. P., Lawrence, Eiber and Santucci, JJ., concur.