■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY SMALLS, Appellant. [598 NYS2d 998] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Vaughn, J.), rendered February 27, 1992, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted *(see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Mangano, P. J., Sullivan, O'Brien, Ritter and Pizzuto, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADRIANO TAVERAS, Appellant. [598 NYS2d 1000] —Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered December 3, 1990, convicting him of criminal possession of a controlled substance in the fourth degree, upon his guilty plea, and imposing sentence. The appeal brings up for review, the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

We agree with the suppression court's conclusion that the police had probable cause to arrest the defendant when they observed what appeared to them to be cocaine in plain view *(see, People v Coleman,* 183 AD2d 840; *People v Manganaro,* 176 AD2d 354). The court therefore properly denied that branch of the defendant's motion which was to suppress physical evidence seized in connection with his lawful arrest *(see, People v Morris,* 193 AD2d 819 [decided herewith]).

We have considered the defendant's remaining contentions including the claim that his sentence is excessive, and find them to be without merit *(see, e.g., People v Suitte,* 90 AD2d 80). Miller, J. P., O'Brien, Copertino and Joy, JJ., concur.