■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYHEEM MILLS, Appellant. [607 NYS2d 124] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kriendler, J.), rendered February 7, 1990, convicting him of murder in the second degree (two counts) and arson in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted for the murders of 19-year-old Tracy Brewington and her 11-month-old son Rudy Quinones. The record evinces that during jury selection, the trial court presided over the side-bar questioning of two prospective jurors in the defendant's absence. On appeal, the defendant relies upon the Court of Appeals decision in *People v Sloan* (79 NY2d 386) in arguing that the side-bar inquiry of the prospective jurors denied him his fundamental right to be present at a material stage of his trial. We disagree and, accordingly, we affirm.

With respect to the first side-bar inquiry objected to by the defendant, the record is clear that the court's inquiry, and the discussion which ensued, is of the type proscribed in *People v Antommarchi* (80 NY2d 247). It is now settled that the *Antommarchi* rule applies "only to those cases in which jury selection occurred after October 27, 1992, the date *People v Antommarchi* was decided" *(People v Mitchell,* 80 NY2d 519, 529). Since jury selection in this case occurred well before the effective date of the rule enunciated in *Antommarchi (supra),* we find no violation of the defendant's right to be present during the material stages of his trial, as that right was understood prior to October 27, 1992.

With respect to the second side-bar inquiry objected to by the defendant, we conclude that the rule enunciated by the Court of Appeals in *People v Sloan* (79 NY2d 386, *supra)* is not applicable herein. That is, the record clearly establishes that the court dismissed the prospective juror for cause after the juror manifested an inability to be fair. This the court was required to do *(see, People v Mulinar,* 185 AD2d 996, 998). Consequently, the defendant's presence at the subject side-bar inquiry could not possibly have been "critical" in making proper determinations relating to the People's challenge to the prospective juror *(cf., People v Sloan, supra).* Indeed, unlike the Court of Appeals in *Sloan (supra),* we can conclude, without hesitation, "that the defendant['s] presence at the side-bar questioning would have been of no benefit [and] that [his] absence during such questioning would not have had a substantial effect on [his] ability to defend" *(People v Sloan, supra,* at 393). In any event, this Court has already concluded that "the *Sloan* rule is to be applied prospectively, i.e., only to those cases in which jury selection occurred after April 7, 1992, the date *People v Sloan* was decided" *(People v Hannigan,* 193 AD2d 8, 13-14). Since jury selection in this case occurred well before the effective date of the rule enunciated in *Sloan (supra),* the defendant's claim must be rejected.

The defendant's remaining contentions, including those raised by his supplemental *pro se* brief, are either unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858, 859), or without merit *(see, People v Coleman,* 70 NY2d 817, 819; *People v Canty,* 60 NY2d 830, 832; *People v Contes,* 60 NY2d 620, 621; *People v Prochilo,* 41 NY2d 759, 761; *People v Suitte,* 90 AD2d 80). Thompson, J. P., O'Brien, Ritter and Altman, JJ., concur.