■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY WILLIAMS, Appellant. [635 NYS2d 664] —Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered May 11, 1993, convicting him of murder in the second degree, aggravated sexual abuse in the first degree, grand larceny in the third degree, and petit larceny, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his oral and written statements to the police.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the pros-

ecution (*see, People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see*, CPL 470.15 [5]).

The defendant claims that the court committed reversible error in denying his challenge for cause of a prospective juror whose son was a police officer and a member of the police department which was involved in investigating this case. Upon our review of the voir dire minutes, however, we do not find that the defendant demonstrated that this prospective juror held a particular predisposition in favor of police personnel or that there was a "substantial risk" that such predisposition, if any, would have affected his ability to discharge his responsibilities (*see, People v Williams*, 63 NY2d 882, 884-885).

The *Huntley* hearing minutes support the court's denial of the branch of the defendant's omnibus motion which was to suppress his oral and transcribed statements (*see, People v Norris*, 122 AD2d 82, 83; *see also, People v Prochilo*, 41 NY2d 759, 761). There is no basis in the trial record to support the defendant's contention that the trial court, sua sponte, should have submitted the issue of the voluntariness of the defendant's statements to the jury for its consideration (*see, People v Cefaro*, 23 NY2d 283, 286-289).

Equally unavailing is the defendant's claim that the court erred in denying his motion pursuant to CPL 330.30 (3) to set aside the verdict on the ground of newly discovered evidence. We agree with the trial court's determination that the defendant failed to demonstrate that it was "probable" that with the admission of this newly discovered evidence the verdict would have been more favorable to him (*see*, CPL 330.30 [3]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Ritter, J. P., Altman, Friedmann and Florio, JJ., concur.