■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE FALCON, Appellant. [644 NYS2d 309]

The evidence adduced at trial established that on the morning of August 14, 1993, the defendant followed the complainant into his apartment building, robbed him at knife-point, and then slashed his throat with the knife.

The Supreme Court properly determined that the prompt showup identification by the complainant was not suggestive, and that the identification itself was reliable because the criminal acts, escape, pursuit, apprehension, and identification all occurred in a matter of minutes and within the radius of a few short blocks in Queens *(see, e.g., People v Johnson,* 81 NY2d 828, 831; *People v Duuvon,* 77 NY2d 541, 544).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual

review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The defendant argues in his *pro se* supplemental brief that the trial court erred in denying his challenge for cause of a prospective juror who worked as a peace officer with the New York City Parks Department. The juror assured the court that his assignment was in Manhattan, that he had no contact with the office of the District Attorney of Queens County or other Queens officials, and that he would not tend to believe a police officer more than any other witness. Thus, despite the prospective juror's occupation, the court did not err in declining to excuse him for cause, as he did not speak or otherwise conduct himself in a manner reflective of "a state of mind that [was] likely to preclude him from rendering an impartial verdict based upon the evidence adduced at the trial" (CPL 270.20 [1] [b]; *People v Ruiz,* 162 AD2d 637, 638; *People v Campo,* 156 AD2d 375; *People v Rivera,* 137 AD2d 634, 635; *People v Hernandez,* 122 AD2d 856, 857).

The defendant also contends that he was deprived of his right to be present at all material stages of his trial when the court conducted sidebar questioning of two prospective jurors in his absence *(see,* CPL 260.20; *People v Mitchell,* 80 NY2d 519; *People v Antommarchi,* 80 NY2d 247). The first of these jurors announced on the record that because he and his two brothers had been mugged at knife-point, and his two brothers had been "cut with a knife", he could not be "impartial" in a case of this sort. The second prospective juror declared that it was "possible" that she could become "nutso" during the trial because her mother had been robbed at knife-point, at the age of 83, by an Hispanic man who was never apprehended, and "[h]ow do I know that he wasn't the person?" To this the prospective juror added: "I am not happy to be on this case". The court excused these two prospective jurors for cause, upon consent of the parties. Because both prospective jurors had manifested an inability to be fair, the court was *required* to dismiss them for cause *(People v Mills,* 200 AD2d 771, 772; *People v Mulinar,* 185 AD2d 996, 998). Accordingly, the defendant's presence at the sidebars involving these jurors could not have afforded him any meaningful opportunity to affect the outcome of his trial, and reversal is not warranted *(People v Feliciano,* 88 NY2d 18; *People v Mills, supra).*

The defendant's sentence is not excessive *(People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v By-*

*num,* 70 NY2d 858, 859) or without merit *(see, People v Coleman,* 70 NY2d 817, 819; *People v Canty,* 60 NY2d 830, 832; *People v Contes,* 60 NY2d 620, 621, *supra; People v Prochilo,* 41 NY2d 759, 761). Sullivan, J. P., Santucci, Friedmann and Krausman, JJ., concur.