◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN ZOCCOLI, Appellant. [732 NYS2d 416] —Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered July 23, 1998, convicting him of murder in the second degree and robbery in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

We discern no basis for disturbing the conclusion of the hearing court, based upon evidence in the record, that there was probable cause to arrest the defendant. Accordingly, suppression of the items removed from the defendant's pockets during the inventory search subsequent to the arrest was properly denied (*see, People v Perel,* 34 NY2d 462).

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see, People v Norman,* 85 NY2d 609, 620-621; *People v Wong,* 81 NY2d 600, 608). Moreover, upon the

exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

Contrary to the defendant's contention, the court properly declined to excuse a prospective juror for cause because he was a police officer in the absence of evidence that the prospective juror had a "state of mind that [was] likely to preclude him from rendering an impartial verdict based upon the evidence adduced at trial" (CPL 270.20 [1] [b]; *see, People v Torpey,* 63 NY2d 361, 367; *People v Falcon,* 228 AD2d 517).

Furthermore, the admission into evidence of photographs of the victim's body was not error. The photographs were relevant to proving several material issues and were not admitted for the sole purpose of arousing the emotions of the jury or prejudicing the defendant (*see, People v Wood,* 79 NY2d 958).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245), or without merit (*see, People v Maerling,* 64 NY2d 134; *People v Goodfriend,* 64 NY2d 695, 697; *People v Christopher R.,* 220 AD2d 781). Ritter, J. P., Santucci, Feuerstein and Adams, JJ., concur.