■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNIE BUTLER, Appellant. [741 NYS2d 113] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Carroll, J.), rendered April 5, 2000, convicting him of criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence and his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant was observed by the arresting police officer in what appeared to be a narcotics transaction. When the officer approached him, the defendant dropped a key box, which was later discovered to contain crack cocaine.

The hearing court properly denied that branch of the

defendant's omnibus motion which was to suppress physical evidence and his statements to law enforcement officials. The defendant's contention that the arresting officer's testimony was incredible as a matter of law is unpreserved for appellate review since he did not specify this ground in his motion at the combined suppression hearing (see CPL 470.05 [2]; People v Gray, 86 NY2d 10; People v Udzinski, 146 AD2d 245). In any event, we find that the Supreme Court properly determined that the police officer had reasonable suspicion that criminal activity was afoot, thereby giving the officer the right to approach the defendant (see People v Hollman, 79 NY2d 181; People v Anderson, 185 AD2d 355; People v Coleman, 183 AD2d 840), which ripened into probable cause to arrest once the officer observed the cocaine in the key box (see People v Yizar, 196 AD2d 517; People v Boone, 183 AD2d 721). In this regard, we note that the defendant abandoned the key box when he dropped it to the ground before he was stopped by the police (see People v Clanton, 220 AD2d 764). Florio, J.P., S. Miller, Schmidt and Cozier, JJ., concur.