■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OLIVER LESEUR, Appellant. [745 NYS2d 174] —On the Court's own motion, it is

Ordered that its unpublished decision and order dated May 13, 2002, in the above-entitled case is recalled and vacated, and the following decision and order is substituted therefor:

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered March 12, 2001, convicting him of attempted criminal possession of a weapon in the third degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing (Pincus, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

The defendant's contention that the hearing court erred in denying that branch of his omnibus motion which was to suppress physical evidence is without merit. The arresting officer testified that he received a radio transmission from the undercover officer that he observed a black male wearing a gray hat, a black jacket, and blue jeans approach a hole in the wall of a building, place money in the hole and receive a small object. The building was in a drug-prone location and had been the scene of many prior arrests. The individual then entered a burgundy cab which drove past the arresting officers' unmarked police vehicle. The arresting officers pulled over the cab and identified themselves as police officers. The defendant, who was wearing a gray knit hat, a black jacket, and blue jeans, was directed by the police to exit the vehicle. He did not comply. The officers repeated the demand and pulled the defendant out of the cab whereupon the defendant put his hands toward his waist area and a struggle ensued culminating in the defendant's arrest. A loaded automatic weapon, a loaded clip, and drugs were recovered from the defendant.

Based on the radio transmission, including a specific description of the defendant and the livery car in which he was riding, the police had reasonable suspicion to stop and detain the defendant (*cf. People v Coleman*, 183 AD2d 840). Accordingly, the stop of the vehicle was warranted. Thereafter, the defendant's lack of cooperation, and his threatening and suspicious behavior gave rise to probable cause to arrest (*see People v*

*Ridley,* 124 AD2d 610; *cf. People v McRay,* 51 NY2d 594, 602). Under the circumstances, there is no basis for suppression of the physical evidence. Smith, J.P., Goldstein, Friedmann and McGinity, JJ., concur.