██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT HINTON, Appellant. (Appeal No. 1.) [755 NYS2d 548] —Appeal from a judgment of Herkimer County Court (Kirk, J.), entered March 10, 1999, convicting defendant after a jury trial of criminal contempt in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him after a jury trial of criminal contempt in the first degree (Penal Law former § 215.51 [former (b) (iii)]) arising from his violation of an order of protection dated September 17, 1997, obtained by his former wife. In appeal No. 2, he appeals from a judgment convicting him following a jury trial of criminal contempt in the first degree (§ 215.51 [former (b) (v)]) and contempt in the second degree (§ 215.50 [1]), arising from his violation of an order of protection dated March 10, 1999, also obtained by his former wife. Defendant violated the first order of protection at issue by writing letters to his former wife while he was incarcerated, and he violated the second order of protection at issue by making threatening remarks to her during sentencing on the first conviction.

With respect to appeal No. 1, defendant failed to preserve for our review his contention that the 1997 order of protection was void ab initio because it was not issued while criminal charges were pending against him (see CPL 470.05 [2]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see 470.15 [6] [a]).

We reject the contention of defendant with respect to appeal No. 1 that he was mentally incompetent to stand trial. In accordance with CPL article 730, County Court ordered two psychiatric examinations (see generally People v Armlin, 37 NY2d 167, 171), and neither psychiatrist found that defendant lacked the capacity to understand the proceedings against him or to assist in his defense. The deliberate refusal of defendant to cooperate with defense counsel is not a valid basis for his contention that he lacked the ability to consult with defense counsel and to assist defense counsel in his defense (see People v Chandler, 224 AD2d 992, lv denied 88 NY2d 845).

Defendant contends with respect to appeal No. 2 that he was deprived of a fair trial and received ineffective assistance of counsel because one of the jurors was a police investigator who had investigated an earlier arrest of defendant and had testified with respect to that investigation at a previous trial. The record establishes that the information concerning the police investigator's prior investigation and testimony was elicited by

defense counsel during voir dire after he and defendant had conferred, and that defendant did not exercise a challenge with respect to the police investigator. Indeed, the record further establishes that defendant thereafter opposed a motion by the People seeking removal of that juror pursuant to CPL 270.35. Thus, we conclude that defendant has waived his present contention that he was deprived of a fair trial because the police investigator served as a juror, and we further conclude that defendant was not thereby denied effective assistance of counsel (*see generally People v Baldi,* 54 NY2d 137, 147). In any event, removal of the police investigator as a juror would not have been justified because it could not be said that he was "grossly unqualified" (CPL 270.35 [1]; *see generally People v Buford,* 69 NY2d 290, 297-298; *People v Zoccoli,* 287 AD2d 754, 755, *lv denied* 97 NY2d 710).

The further contention of defendant in appeal No. 2 that the Trial Judge abused his discretion in refusing to recuse himself lacks merit. The Trial Judge did not actually witness the discourse underlying the indictment in appeal No. 2 and his name did not appear on either parties' witness list for trial. "In the absence of a violation of Judiciary Law § 14 or a showing by defendant that the [trial judge's] alleged bias affected the result of the trial, the determination of defendant's motion for recusal was a matter left to the [trial judge's] conscience" (*People v Brown,* 270 AD2d 917, 917, *lv denied* 95 NY2d 851; *see People v Gaines,* 296 AD2d 862, 863).

We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Green, J.P., Pine, Hurlbutt, Burns and Gorski, JJ.