■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND FIGUEROA, Appellant. [833 NYS2d 528]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Gazzillo, J.), rendered February 22, 2005, convicting him of criminal possession of a controlled substance

in the second degree, criminal possession of a controlled substance in the third degree (four counts), criminal possession of a controlled substance in the fourth degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

On appeal, the defendant contends that the police did not have probable cause on December 11, 2003 to pull over the vehicle in which he was a passenger. Thus, the defendant contends that the court erred in denying that branch of his omnibus motion which was to suppress physical evidence. Contrary to the People's contention, the defendant adequately preserved this issue for appellate review (see CPL 470.05 [2]).

However, as the People correctly contend, the police were not required to have "probable cause" that a crime had been committed in order to pull over the vehicle in which the defendant was a passenger. "It is fundamental that in order to stop a vehicle the police must have a 'reasonable suspicion', based on objective evidence, that the occupants were involved in a felony or misdemeanor" (People v Coleman, 183 AD2d 840, 841 [1992]; see CPL 140.50 [1]).

The arresting detective had reasonable suspicion that criminality was afoot, thereby justifying the vehicle stop, based upon the detective's experience in the field and his observation of what appeared to be a narcotics transaction (see People v Alvarez, 100 NY2d 549 [2003]; People v Butler, 293 AD2d 686 [2002]). Once the vehicle was stopped on the basis of reasonable suspicion, the defendant's evasive, suspicious behavior and lack of cooperation gave rise to probable cause to arrest the defendant (see People v LeSeur, 294 AD2d 518 [2002]). Accordingly, the Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence. Schmidt, J.P., Skelos, Lifson and Covello, JJ., concur.