■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAJAH IKKER, Appellant. [841 NYS2d 355]—

Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Collini, J.), rendered March 1, 2005, convicting him of criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The hearing court did not improvidently exercise its discretion in denying that branch of the defendant's omnibus motion which was to suppress physical evidence (*see* CPL 140.50 [1]; *People v Figueroa*, 38 AD3d 796 [2007], *lv denied* 8 NY3d 984 [2007]; *People v Butler*, 293 AD2d 686 [2002]; *People v Coleman*, 183 AD2d 840 [1992]).

The defendant contends that the trial court's denial of his challenges for cause directed to three prospective jurors deprived him of his right to due process and an impartial jury. Contrary to the defendant's contention, none of these three jurors said anything which demonstrated that they would not be able to render an impartial verdict (*see People v Webb*, 285 AD2d 659, 660 [2001]; *People v Ruiz*, 162 AD2d 637, 638 [1990]). Moreover, the defendant failed to demonstrate that the prospective jurors held a particular predisposition in favor of police personnel or that there was a "substantial risk" that such predisposition, if any, would have affected their ability to discharge their responsibilities (*see People v Williams*, 222 AD2d 627, 628 [1995]). Thus, the trial court providently exercised its discretion in denying the defense counsel's challenges (*see* CPL 270.20 [1] [b]; *People v Zoccoli*, 287 AD2d 754, 755 [2001] [court properly declined to excuse a prospective juror for cause because he was

a police officer in the absence of evidence that the prospective juror did not have the requisite state of mind]; *People v Williams, supra* [son was a police officer and a member of the police department which was involved in investigating the case]; *People v Reid,* 251 AD2d 430 [1998] [brother was a police officer]).

As the defendant's crime was committed on June 13, 2003, he was not entitled to be sentenced under the Drug Law Reform Act (L 2004, ch 738, § 41 [d-1]; *see People v Utsey,* 7 NY3d 398 [2006]; *People v Evans,* 37 AD3d 847 [2007]; *People v Forte,* 35 AD3d 879 [2006]; *People v Aviles,* 29 AD3d 813 [2006]). Mastro, J.P., Dillon, Covello and Dickerson, JJ., concur.