■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RONALD NICHOLS, Respondent. [985 NYS2d 676]—

Appeal by the People from an order of the Supreme Court, Kings County (Gary, J.), dated November 30, 2012, which, after a hearing, granted that branch of the defendant's omnibus motion which was to suppress certain physical evidence, identification evidence, and a statement made by the defendant to law enforcement officials.

Ordered that the order is affirmed.

Where a defendant moves to suppress evidence, the People bear the initial burden of establishing the legality of the police conduct in the first instance, while the defendant bears the ultimate burden of proving, by a preponderance of the evidence, that the challenged evidence should not be used against him or her (*see People v Berrios*, 28 NY2d 361, 367 [1971]; *People v Cole*, 85 AD3d 1198, 1198-1199 [2011]). Based on the record before it, the Supreme Court properly suppressed the handgun seized from the backpack in the defendant's possession, since the People failed to meet their burden of demonstrating the legality of the police conduct. Although the police officers properly initiated a common-law inquiry to obtain explanatory information from a group of six men, which included the defendant, based upon information from an anonymous informant (*see People v Pines*, 99 NY2d 525, 526 [2002]; *People v McIntosh*, 96 NY2d 521, 525 [2001]; *People v Hollman*, 79 NY2d 181, 184-185, 191 [1992]; *People v De Bour*, 40 NY2d 210, 223 [1976]), reasonable suspicion justifying an intrusive search of the backpack in the defendant's possession never arose (*see People v McIntosh*, 96 NY2d at 525; *People v Benjamin*, 51 NY2d 267, 270 [1980]; *People v De Bour*, 40 NY2d at 223; *Matter of Oniel W.*, 146 AD2d 633, 634 [1989]). Accordingly, the police search of the backpack was improper, requiring suppression of the handgun recovered from the backpack. Additionally, suppres-

sion of identification evidence and a statement made by the defendant to law enforcement officials was also required, as such evidence was fruit of the poisonous tree (*see People v Isaacs*, 101 AD3d 1152 [2012]).

The People's remaining contentions are without merit. Rivera, J.P., Chambers, Austin and Duffy, JJ., concur.