People v Bailey (2018 NY Slip Op 05856)





People v Bailey


2018 NY Slip Op 05856


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2015-06262
 (Ind. No. 968/13)

[*1]The People of the State of New York, respondent,
v
Sean M. Bailey, appellant.


Paul Skip Laisure, New York, NY (Michael Arthus of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Nancy Fitzpatrick Talcott, and Danielle O'Boyle of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gregory Lasak, J.), rendered June 25, 2015, convicting him of criminal possession of a weapon in the second degree (two counts), criminal possession of a weapon in the third degree, and menacing in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Richard Buchter, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence, identification testimony, and statements made to law enforcement officials.
ORDERED that the judgment is reversed, on the law, those branches of the defendant's omnibus motion which were to suppress physical evidence, identification testimony, and statements made to law enforcement officials are granted, the indictment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent with CPL 160.50.
The defendant was charged with criminal possession of a weapon in the second degree (two counts), criminal possession of a weapon in the third degree, and menacing in the second degree based on allegations that on November 1, 2012, he knowingly possessed a loaded pistol outside of his home or place of business, and displayed that pistol to the complainant during an argument at a gas station. The defendant moved to, inter alia, suppress the firearm recovered from him at the time of his arrest, identification testimony, and his statements to law enforcement officials.
At a suppression hearing, the People elicited testimony from Police Sergeant Daquan Bendele and Police Officer Kenneth Travitt that they responded to the gas station after receiving a report about "a man with a gun" in a white BMW, along with a description of the man as "a male black wearing a gray hoodie, approximately six feet, two inches [tall]," and the license plate number of the BMW. Sergeant Bendele and Officer Travitt both acknowledged that there was no information provided about the identity of the individual who reported the man with a gun. When they responded to the gas station, Sergeant Bendele and Officer Travitt observed a white BMW pulling out of the gas station, and pulled over the vehicle. Sergeant Bendele testified that he and Officer Travitt approached the vehicle with guns drawn. Officer Travitt approached on the driver's side, while Sergeant Bendele approached on the passenger side, where the defendant was seated. [*2]Sergeant Bendele acknowledged that he could not see initially what the defendant was wearing or ascertain the defendant's height. Sergeant Bendele further testified that as he approached the vehicle and ordered the occupants to get out, he observed the defendant "reaching under the seat," and told the defendant to put his hands out the window, which was already open. Sergeant Bendele stated that the defendant eventually complied with his demand, and upon his instruction, the defendant opened the passenger door and walked to the back of the vehicle, where Sergeant Bendele frisked him. Sergeant Bendele found a firearm in the defendant's boot, and the defendant was handcuffed. Officer Travitt testified that after the defendant was handcuffed, the individual who had reported a man with a gun approached to identify himself as "the caller," and then identified the defendant as "the guy who pulled the gun on me." Officer Travitt further testified that after the defendant was placed in the backseat of the police vehicle, the defendant stated that he "wasn't going to fight it" and that he had "messed up." At the close of the hearing, the Supreme Court denied those branches of the defendant's omnibus motion which were to suppress the firearm, identification testimony, and his statements to law enforcement officials.
Following a jury trial, the defendant was convicted of criminal possession of a weapon in the second degree (two counts), criminal possession of a weapon in the third degree, and menacing in the second degree. On appeal, the defendant argues, inter alia, that the Supreme Court erred in denying those branches of his omnibus motion which were to suppress the firearm, identification testimony, and his statements to law enforcement officials, on the ground that the police lacked reasonable suspicion to stop the vehicle based solely on an anonymous tip about "a man with a gun."
"It is fundamental that in order to stop a vehicle the police must have a reasonable suspicion, based on objective evidence, that the occupants were involved in a felony or misdemeanor" (People v Figueroa, 38 AD3d 796, 797 [internal quotation marks omitted]; see People v Coleman, 183 AD2d 840, 841; see aslo People v Harrison, 57 NY2d 470, 476). "Reasonable suspicion has been defined as that quantum of knowledge sufficient to induce an ordinarily prudent and cautious [person] under the circumstances to believe criminal activity is at hand'" (People v Bowers, 148 AD3d 1042, 1043, quoting People v Martinez, 80 NY2d 444, 448 [internal quotation marks omitted]). "[W]here an anonymous phone tip giving a general description and location of a man with a gun' is the sole predicate, it will generate only a belief that criminal activity is afoot," and "will not of itself constitute reasonable suspicion thereby warranting a stop and frisk of anyone who happens to fit that description" (People v Stewart, 41 NY2d 65, 69 [internal quotation marks omitted]). "Unlike a tip from a known informant whose reputation can be assessed and who can be held responsible if her [or his] allegations turn out to be fabricated, an anonymous tip alone seldom demonstrates the informant's basis of knowledge or veracity'" (Florida v J.L., 529 US 266, 270, quoting Alabama v White, 496 US 325, 329 [citation omitted]). However, "there are situations in which an anonymous tip, suitably corroborated, exhibits sufficient indicia of reliability to provide reasonable suspicion to make the investigatory stop'" (Florida v J.L., 529 US at 270, quoting Alabama v White, 496 U.S. at 327). Further, reasonable suspicion "requires that a tip be reliable in its assertion of illegality, not just in its tendency to identify a determinate person" (Florida v J.L., 529 US at 272).
Here, while the individual who reported a man with a gun ultimately disclosed his identity to Officer Travitt, his identity was unknown at the time the police stopped the vehicle and ordered the defendant out of the car at gunpoint (see People v Williams, 136 AD3d 1280, 1282). The police lacked reasonable suspicion to stop the vehicle based only on an anonymous tip of "a man with a gun," since the tip came from an individual " who neither explained how he knew about the gun nor supplied any basis for believing he had inside information about [the defendant],'" and the report " [did] not show that the tipster ha[d] knowledge of concealed criminal activity'" (People v Ballard, 279 AD2d 529, 530, quoting Florida v J.L., 529 U.S. at 272; see People v Folk, 284 AD2d 476, 477; People v Clark, 133 AD2d 955; cf. People v Argyris, 99 AD3d 808, affd 24 NY3d 1138). Further, since Sergeant Bendele and Officer Travitt had already stopped the vehicle and started to approach with guns drawn before Sergeant Bendele observed the defendant "reaching under the seat," the defendant's conduct was insufficient to justify the initial stop (see People v Moore, 6 NY3d 496, 498; People v De Bour, 40 NY2d 210, 215-216; cf. People v Bowens, 9 AD3d 372).
Accordingly, the firearm recovered from the defendant during the frisk should have [*3]been suppressed. Further, suppression of identification evidence and the defendant's statements to law enforcement officials also was required, as such evidence was fruit of the poisonous tree (see People v Nichols, 117 AD3d 881, 882; People v Beckett, 88 AD3d 898, 900; People v Lindsey, 13 AD3d 651, 652). Without that evidence, there could not be sufficient evidence to prove that the firearm was operable, as required to establish the defendant's guilt of criminal possession of a weapon in the second and third degrees (see People v Longshore, 86 NY2d 851; People v McFadden, 94 AD3d 1150), and thus, those counts of the indictment must be dismissed (see People v White, 159 AD3d 741, 747; People v Miranda-Hernandez, 106 AD3d 838, 839). While suppression of the firearm would not preclude the People from establishing the defendant's guilt of menacing in the second degree (see Penal Law § 120.14[1]), the improper admission of identification testimony and the defendant's statements to law enforcement officials cannot be deemed harmless error under the circumstances presented (see People v Crimmins, 36 NY2d 230, 242). Since the defendant has already served the sentence imposed for that crime, we do not order a new trial on the count of menacing in the second degree, but rather, dismiss that count of the indictment (see People v Flynn, 79 NY2d 879, 882; People v Thomas, 156 AD3d 915, 918; People v Maio Ni, 293 AD2d 552, 553).
In light of our determination, the defendant's remaining contentions need not be reached.
MASTRO, J.P., DILLON, LASALLE and CONNOLLY, JJ., concur.

2015-06262 DECISION & ORDER ON MOTION
The People, etc., respondent,
v Sean M. Bailey, appellant.
(Ind. No. 968/13)

Motion by the appellant to strike portions of the respondent's brief on an appeal from a judgment of the Supreme Court, Queens County, rendered June 25, 2015, on the ground that they refer to matter dehors the record. By decision and order on motion of this Court dated September 21, 2017, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the motion is denied.
MASTRO, J.P., DILLON, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court