People v Nazario (2020 NY Slip Op 00955)





People v Nazario


2020 NY Slip Op 00955


Decided on February 7, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


1016 KA 19-00924

[*1]THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,
v
GILBERTO NAZARIO, DEFENDANT-RESPONDENT. 






JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR APPELLANT.
THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ERIN A. KULESUS OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), dated February 19, 2019. The order granted those parts of defendant's omnibus motion seeking to suppress the physical evidence seized, the statements allegedly made by him and the identifications of him. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed and the indictment is dismissed.
Memorandum: The People appeal from an order granting those parts of defendant's omnibus motion seeking to suppress physical evidence, statements, and identifications on the ground that the police lacked the requisite justification for detaining defendant, searching his bag, and transporting him to the scene of the crime for a showup identification procedure (see generally People v De Bour, 40 NY2d 210, 222-223 [1976]). We affirm.
The evidence at the suppression hearing established that the officer who initiated the encounter with defendant was responding to a radio dispatch of a burglary in progress. Because other officers were already at the scene of the burglary when he arrived, the officer canvassed the nearby area in his patrol car. Shortly thereafter, the officer noticed defendant three blocks from the burglary scene, walking alone and carrying a bag and a cell phone. The officer approached defendant, exited his vehicle, and asked defendant what he was doing, and defendant stated that he was looking through garbage cans. The officer then searched defendant's bag in order to check for weapons and informed defendant that he was going to drive defendant back to the scene of the burglary in order to determine whether defendant was a suspect. The officer placed defendant in the back of the patrol car and drove him to the scene of the crime, where a showup identification was conducted and defendant was identified as the burglar and arrested. The evidence also established that, prior to beginning his shift on the day of the encounter, the officer received a "be on the lookout" (BOLO) photograph depicting defendant and reflecting that defendant may have been involved in a prior burglary.
Contrary to the People's contention, we perceive no basis in the record for disturbing the court's finding that the officer did not recognize defendant as the individual depicted in the BOLO until after he drove defendant to the scene of the burglary for the showup identification (see generally People v Fletcher, 130 AD3d 1063, 1064 [2d Dept 2015], affd 27 NY3d 1177 [2016]; People v Jemison, 158 AD3d 1310, 1310-1311 [4th Dept 2018], lv denied 31 NY3d 1083 [2018]), and therefore the information in the BOLO cannot be used to justify the officer's conduct.
We conclude that the court properly determined that the officer was not justified in searching defendant's bag or in detaining him and transporting him to the scene of the burglary. [*2]Although the officer justified the search of defendant's bag as a check for weapons, the record does not reflect that, at any time during the encounter, the officer "reasonably suspected that defendant was armed and posed a threat to [his] safety" (People v Solivan, 156 AD3d 1434, 1435 [4th Dept 2017] [internal quotation marks omitted]; see generally People v Nichols, 117 AD3d 881, 881-882 [2d Dept 2014]). Further, all the officer could definitively recall of the initial radio dispatch reporting the burglary in progress was that it described the suspect as a male, although the officer also testified that the dispatch might have identified the suspect as Hispanic and wearing a dark hooded sweatshirt. The vague description of the suspect provided by the radio dispatch, as recounted by the officer at the suppression hearing, did not provide the officer with the requisite reasonable suspicion to effect what was at least a forcible detention of defendant and to transport him to take part in a showup identification (see People v Jones, 174 AD3d 1532, 1533-1534 [4th Dept 2019], lv denied 34 NY3d 982 [2019]; People v Riddick, 269 AD2d 471, 471 [2d Dept 2000]; see generally People v Balkum, 71 AD3d 1594, 1595-1596 [4th Dept 2010], lv denied 14 NY3d 885 [2010]).
Entered: February 7, 2020
Mark W. Bennett
Clerk of the Court