■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID OFFEN, Appellant.—Judgment unanimously affirmed. Memorandum: The Livingston County Sheriff's Department received information from two confidential informants that defendant was receiving shipments of cocaine from Florida via United Parcel Service (UPS) or Federal Express. The informants stated that the cocaine was contained within teddy bears. Seeking to confirm that information, the Sheriff's Department contacted UPS and learned that four packages, all bearing a return address from Miami, Florida, had been delivered to defendant between May 10, 1988 and July 19, 1988. On August 18, 1988, UPS notified the Sheriff's Department that another package had been received from the Florida address for delivery to defendant. UPS was instructed to hold the package, and the Sheriff's Department arranged to have it sniffed by "Amber", a Customs Service dog trained to "alert" on marihuana, cocaine and heroin. Amber "alerted"

on defendant's package, and X ray of the package revealed the shape of a teddy bear and a packet within the teddy bear. A warrant was then obtained to search the package, defendant's residence and his automobile. When the warrant was executed, the Sheriffs seized cocaine, marihuana and various firearms.

After County Court denied defendant's motion to suppress the fruits of the search warrant, defendant pleaded guilty to one count of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [12]) and was sentenced to a term of 3 to 9 years. On appeal, he argues that the canine sniff and X ray of the package constituted an unreasonable search and seizure and that the warrant application was insufficient.

Both the Federal and State Constitutions protect the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures" (US Const Fourth Amend; NY Const, art I, § 12). Here, the package in shipment to defendant was an "effect" within the constitutional meaning of that term (see, United States v Jacobsen, 466 US 109; see also, United States v Van Leeuwen, 397 US 249; United States v Mayomi, 873 F2d 1049). Although defendant had a privacy interest in the contents of the package, the minimal intrusion we see here was not unreasonable. The police had specific and articulable facts warranting a reasonable belief that defendant's package contained cocaine. They acted diligently in arranging the canine sniff and the package was delivered the same day it arrived at the UPS warehouse. Thus, the delay in delivery, if any, was but a few hours. Applying the principles of Terry v Ohio (392 US 1) to this warrantless seizure (see, United States v Place, 462 US 696, 702), we conclude that, under the circumstances, the brief detention of the package was not constitutionally proscribed (see, United States v Van Leeuwen, 397 US 249, supra; United States v Mayomi, 873 F2d 1049, supra). We also conclude that the canine sniff of the package was not a "search" within the meaning of the Federal and State Constitutions (see, United States v Place, supra; United States v Mayomi, supra; United States v Venema, 563 F2d 1003; United States v Bronstein, 521 F2d 459, cert denied 424 US 918; United States v Fulero, 498 F2d 748; People v Price, 54 NY2d 557), and thus neither a warrant nor a showing of probable cause was required.

We also hold that the information contained in the application was sufficient to support the issuance of the search warrant. The "alert" of a narcotics-detecting dog constitutes

probable cause to suspect the presence of narcotics in the item sniffed *(see, United States v Williams, 726 F2d 661, 663, cert denied 467 US 1245; United States v Venema, 563 F2d 1003, 1007, supra; People v Dunn, 155 AD2d 75).* It is therefore unnecessary to consider the warrantless X ray in assessing the sufficiency of the warrant application. We note that sufficient indicia of Amber's training and reliability are recited in the warrant application.

Finally, there is no merit to defendant's argument that his sentence is harsh and excessive. (Appeal from judgment of Livingston County Court, Houston, J.—criminal possession of controlled substance, third degree.) Present—Dillon, P. J., Callahan, Green, Balio and Lowery, JJ.