ance *(see, People v Recupero,* 73 NY2d 877, 878-879; *People v McDonald,* 68 NY2d 1, 8-9, *rearg dismissed* 69 NY2d 724). Defendant has failed to demonstrate that "a significant possibility of a conflict of interest existed bearing a substantial relationship to the conduct of the defense" and he has not pointed to facts suggesting "that the potential for conflict actually operated" *(People v Recupero, supra,* at 879).

Further, we find that defendant's subsequent counsel provided meaningful representation and therefore defendant was not denied the effective assistance of counsel *(see, People v Rivera,* 71 NY2d 705, 709; *People v Baldi,* 54 NY2d 137, 147). (Appeal from judgment of Erie County Court, D'Amico, J.— criminal sale of controlled substance, third degree.) Present— Denman, J. P., Boomer, Pine, Davis and Lowery, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEAN GATES, Appellant. (Appeal No. 1.)—Judgment unanimously affirmed. Memorandum: Defendant contends that the evidence supporting his conviction of assault in the second degree *(see,* Penal Law § 120.05 [3]) was legally insufficient in that there was no proof that he knew the victim was a police officer or that he intended to prevent him from performing a lawful duty. That contention is belied by defendant's statement to the officer that he would not get any help from other police officers, and by defendant's forceful removal of the microphone from the police vehicle. Under the circumstances, we find no basis to disturb the jury's verdict *(see, People v Bleakley,* 69 NY2d 490, 495).

Moreover, we reject defendant's contention that the trial court erred in denying his motion to vacate the judgment of conviction *(see,* CPL 440.10 [1] [b], [c]) on the ground that the police, prosecutor, and the Trial Judge had engaged in a conspiracy to fabricate evidence in violation of his civil rights, and thus denied him a fair trial. Defendant submitted no evidence to support his claim, but made only conclusory allegations of wrongdoing. That is insufficient *(see,* CPL 440.30 [4] [b]).

We have examined defendant's remaining contentions and find them to be without merit. (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—assault, second degree.) Present—Denman, J. P., Boomer, Pine, Davis and Lowery, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEAN GATES, Appellant. (Appeal No. 2.)—Judgment unanimously affirmed. Memorandum: Defendant contends that the