THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE WILLIAMS, Appellant. [614 NYS2d 842] —Judgment unanimously affirmed. Memorandum: We conclude that there is no merit to the contention of defendant that his arrest was not based on probable cause. Defendant matched the victims' detailed descriptions of the individual who committed the robberies and sexual assaults. Additionally, when defendant was observed by the police two hours after the crime in proximity to the crime scene, he acted furtively and attempted to hide in an alley. Thus, the police had sufficient information to support a reasonable belief that an offense had been committed and that defendant was the perpetrator (see, People v Van De Mortel, 158 AD2d 960; People v Jones, 149 AD2d 970, lv denied 74 NY2d 742; People v Mercado, 117 AD2d 627, 628-629).

Defendant further contends that reversal is mandated because the prosecutor failed to give adequate racially neutral explanations for his peremptory challenges to two black jurors (see, Batson v Kentucky, 476 US 79). Because defense counsel failed to make a Batson challenge until after the jurors, including the alternates, were sworn, his objection was untimely and defendant's contention has not been preserved for review (see, People v Dunn, 158 AD2d 941, 942, lv denied 76 NY2d 734; People v Harris, 151 AD2d 961). In any event, that contention is without merit because the prosecutor proffered sufficient racially neutral reasons for using his peremptory challenges to exclude two black members of the jury panel (see, e.g., People v Craig, 194 AD2d 687, lv denied 82 NY2d 716; People v Epps, 176 AD2d 293, lv denied 78 NY2d 1127).

We agree with defendant, however, that Supreme Court erred in permitting the police officers to testify to the descriptions given by the victims of their assailant because the

victims testified to those descriptions *(see, People v Rice,* 75 NY2d 929; *cf., People v Huertas,* 75 NY2d 487). The court also erred in receiving into evidence the videotape from the bank's security camera because the tape was so indistinct that a jury would have to speculate as to its contents *(see, People v Harrell,* 187 AD2d 453, *lv denied* 81 NY2d 789). We conclude, however, that those errors are harmless in light of the overwhelming proof of defendant's guilt. There is no reasonable probability that the improperly admitted evidence affected the verdict *(see, People v Crimmins,* 36 NY2d 230, 242). (Appeal from Judgment of Supreme Court, Erie County, Wolfgang, J. —Robbery, 1st Degree.) Present—Balio, J. P., Lawton, Callahan, Doerr and Boehm, JJ.