■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v AMBIERIX PERALTA, Respondent. [666 NYS2d 738] —Appeal by the People from an order of the Supreme Court, Queens County (Rosenzweig, J.), dated November 20, 1996, which granted those branches of the defendant's omnibus motion which were to suppress physical evidence and a statement made by the defendant to the police.

Ordered that the order is affirmed.

We find unpersuasive the People's contention that the contraband recovered from under the hood of the vehicle that the defendant was operating should have been ruled admissible pursuant to the plain view doctrine (*see generally, People v Beriguette,* 84 NY2d 978; *People v Diaz,* 81 NY2d 106, 110; *People v Basilicato,* 64 NY2d 103, 115). The arresting police of-

ficer's testimony during cross-examination unequivocally established that he found no evidence of illegality after he completed a lawful inspection of the "confidential" vehicle identification number in the engine compartment of the vehicle, but that he nevertheless "looked further underneath th[e] hood" without any articulable basis therefor. This continuation and broadening of the search, which ultimately led to the discovery of the contraband in an area adjacent to the "confidential V.I.N.", was not justified by the attendant circumstances, and the officer was no longer lawfully present under the hood of the vehicle at the time he viewed the contraband. Moreover, the discovery of the contraband under these circumstances cannot be deemed inadvertent (*see generally, People v Manganaro,* 176 AD2d 354). Therefore, the plain view doctrine is inapplicable (*see, People v Rose,* 125 AD2d 727).

There is no support in the record for the People's contention that the discovery of the contraband occurred either during the officer's lawful inspection of the vehicle identification number or while he was in the process of extricating himself from under the hood immediately after completing that lawful inspection. Furthermore, there is no evidence that the defendant consented to any search beyond the limited intrusion necessary to conduct the vehicle identification number inspection. Accordingly, the hearing court properly suppressed the physical evidence as well as the statement subsequently taken from the defendant at the station house (*see, e.g., People v Clark,* 133 AD2d 955). Bracken, J. P., Sullivan, Santucci and Luciano, JJ., concur.