█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIZABETH THOMAS, Appellant. [667 NYS2d 294] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered March 30, 1995, convicting her of criminal possession of marihuana in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Flug, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

At a suppression hearing, a defendant has the burden of establishing standing by demonstrating a personal, legitimate expectation of privacy in the item searched (*see, People v Whitfield,* 81 NY2d 904; *People v Wesley,* 73 NY2d 351). Here, the defendant did not sustain this burden. On the contrary, at the hearing the defendant unequivocally and emphatically denied, under oath, any possessory or privacy interest in the bags and their contents. Accordingly, the hearing court properly decided that the defendant had no standing to contest the search of the bags that were discovered to contain marihuana (*cf., People v Corona,* 206 AD2d 305).

In any event, assuming, arguendo, that the defendant had properly established standing, under the facts of this case, the search of the bags and the momentary detention of the defen-

dant were proper (*see, People v Luna,* 73 NY2d 173; *People v Price,* 54 NY2d 557; *People v Offen,* 163 AD2d 890, *affd* 78 NY2d 1089; *United States v Williams,* 726 F2d 661, 663, *cert denied* 467 US 1245).

The defendant's remaining contentions, including those raised in her supplemental *pro se* brief, are without merit. Bracken, J. P., Copertino, Thompson and Luciano, JJ., concur.