■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY HOSKINS, Appellant. [678 NYS2d 563] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of robbery in the first degree (Penal Law § 160.15 [3]), defendant contends that Supreme Court erred in granting the prosecutor's request, made at the close of the People's proof, to amend the indictment to add the term "or shotgun" after "tire iron" as the dangerous instrument used in the course of the robbery. We disagree. The amendment was timely (*see,* CPL 200.70 [1]; *see also, People v Mendez,* 209 AD2d 547, *lv denied* 84 NY2d 1013) and did not change or expand the theory of the People's case that defendant struck the victim with a dangerous instrument (*see, People v Jackson,* 232 AD2d 193, *lv denied* 89 NY2d 924; *cf., People v Powell,* 153 AD2d 54, *lv denied* 75 NY2d 969), nor did it "otherwise tend to prejudice the defendant on the merits" (CPL 200.70 [1]).

The court did not err in denying defendant's motion to set aside the verdict on the ground of juror misconduct (*see generally, People v Brown,* 48 NY2d 388, 393-394; *cf., People v Dashnau,* 187 AD2d 966, 966-967, *lv denied* 81 NY2d 838). Defen-

dant's contention that reversal is required because of a *Batson* violation *(see, Batson v Kentucky,* 476 US 79) is not preserved for our review because defense counsel did not object until after the jurors, including the alternates, were sworn *(see, People v Williams,* 206 AD2d 917, *lv denied* 84 NY2d 911). In any event, that contention lacks merit. Although defendant met his initial burden of establishing a prima facie case of discrimination, the prosecutor came forward with nonpretextual, racially neutral reasons for using peremptory challenges to exclude two African-American members of the jury panel *(see, People v Williams, supra).* (Appeal from Judgment of Supreme Court, Erie County, Doyle, J.—Robbery, 1st Degree.) Present—Pine, J. P., Hayes, Wisner, Balio and Boehm, JJ.