■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JULIUS COSTON, Respondent. [706 NYS2d 732] —Appeal by the People, as limited by their brief, from so much of an order of the County Court, Nassau County (Jonas, J.), dated March 24, 1999, as, upon granting their motion to reargue an order of the same court dated December 17, 1998, made after a hearing, granting those branches of the defendant's omnibus motion which were to suppress statements he made to law enforcement officials and physical evidence, adhered to the original determination.

Ordered that the order is affirmed insofar as appealed from.

After the police entered the defendant's bedroom with the consent of a person who shared the bedroom with him, they seized a box. In the absence of proof that the person who consented to the police entry had "common authority" over the box based on mutual use or joint access, the warrantless seizure of the box was improper (*see, People v Gonzalez,* 88 NY2d 289, 293). Furthermore, the seizure of the box may not be justified pursuant to the plain view doctrine, because the discovery by the police of the box was not inadvertent (*see, e.g., People v Peralta,* 245 AD2d 573; *People v Manganaro,* 176 AD2d 354). Bracken, J. P., O'Brien, Sullivan and Luciano, JJ., concur.