The People of the State of New York, Respondent, v James W. Madill, Appellant. [808 NYS2d 885]—

Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered August 31, 2004. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the second degree, endangering the welfare of a child (three counts), and criminal possession of a controlled substance in the seventh degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [2]), criminal possession of a controlled substance in the seventh degree (§ 220.03), and three counts of endangering the welfare of a child (§ 260.10 [1]). Contrary to defendant's contention, County Court properly refused to suppress the evidence found in the search conducted by the police on August 23, 2003. Where two or more individuals "share a common right of access to or control of the property to be searched, any one of them has the authority to consent to a warrantless search in the absence of

others" (*People v Cosme*, 48 NY2d 286, 290 [1979], citing *United States v Matlock*, 415 US 164 [1974]), and here the record establishes that defendant's cotenant gave the requisite consent to search the residence. Defendant failed to renew his motion to dismiss after presenting evidence and thus failed to preserve for our review his further contention that the conviction is not supported by legally sufficient evidence (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]). In any event, we reject that contention (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]), and we further conclude that the verdict is not against the weight of the evidence (*see generally id.*). The sentence is not unduly harsh or severe.

We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Gorski, Smith, Green and Hayes, JJ.