■ The People of the State of New York, Respondent, v Elliott James, Appellant. [811 NYS2d 245]—

Appeal from a judgment of the Supreme Court, Erie County (Joseph S. Forma, J.), rendered September 19, 2003. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law, those parts of the motion seeking to suppress physical evidence and statements are granted, the indictment is dismissed and the matter is remitted to Supreme Court, Erie County, for proceedings pursuant to CPL 470.45.

Memorandum: On appeal from a judgment convicting him, following a jury trial, of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]), defen-

dant contends that Supreme Court erred in denying those parts of his omnibus motion seeking to suppress the cocaine seized by officers employed by the Buffalo Municipal Housing Authority and his statements made to those officers. We agree.

The testimony at the suppression hearing establishes that four officers went to the apartment of defendant's codefendant at midnight to execute arrest warrants for the codefendant. The codefendant permitted the officers to enter the apartment, whereupon they observed defendant and another male watching television. When asked for identification, the codefendant indicated that she needed to retrieve her identification from the bedroom. One officer accompanied the codefendant to the bedroom, where he observed on the bed cash and multiple glassine baggies commonly used for the packaging of narcotics. Upon returning to the living room, the officer informed his sergeant of the items he had observed. The sergeant instructed the officer and another officer to return to the bedroom to "investigate further." While in the bedroom, the second officer observed additional glassine baggies protruding from an open compartment of a shaving bag on a dresser. The shaving bag also had a zippered compartment and, after unzipping that compartment, the officer found a large quantity of crack cocaine as well as a receipt in defendant's name showing the apartment as defendant's address.

Defendant moved, inter alia, to suppress the cocaine, contending that it was illegally seized, and to suppress his statements as fruit of the poisonous tree. The court denied that part of the motion seeking to suppress the cocaine, concluding that the glassine baggies in the shaving bag were in plain view and that, "[o]nce the [shaving] bag that held the glassine envelopes was seized, it was immaterial that the cocaine secreted in a closed portion of the bag was not visible." The court further concluded that "the glassine envelopes allow the inference that the closed portion of the bag was a storage area for narcotics or more packaging material."

Even assuming, arguendo, that the two officers were lawfully permitted to return to the bedroom, we conclude that the cocaine secreted in the zippered compartment of the shaving bag was not in plain view (*see People v Robinson*, 144 AD2d 960 [1988]; *see also People v Johnson*, 241 AD2d 527, 528 [1997], *lv denied* 90 NY2d 1012 [1997]). Additionally, the discovery of the cocaine by unzipping the closed compartment was not "inadvertent rather than anticipated" (*People v Basilicato*, 64 NY2d 103, 115 [1984]; *see e.g. Coolidge v New Hampshire*, 403 US 443, 469-470 [1971], *reh denied* 404 US 874 [1971]; *People v Roth*, 66

NY2d 688, 690 [1985]; *People v Spinelli*, 35 NY2d 77, 81 [1974]). We therefore conclude that the cocaine was illegally seized and must be suppressed. Defendant's statements must also be suppressed as fruit of the poisonous tree (*see generally Nardone v United States*, 308 US 338, 341 [1939]).

Based on our determination, we need not address defendant's remaining contentions. We therefore reverse the judgment, grant those parts of the motion seeking to suppress the cocaine and defendant's statements, dismiss the indictment and remit the matter to Supreme Court for proceedings pursuant to CPL 470.45. Present—Pigott, Jr., P.J., Hurlbutt, Martoche, Pine and Hayes, JJ.