▋ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONA CLARK, Appellant. [813 NYS2d 617]—

1232

Appeal from a judgment of the Supreme Court, Erie County (Joseph S. Forma, J.), rendered September 19, 2003. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting her, following a jury trial, of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]), defendant contends that Supreme Court erred in denying that part of her omnibus motion seeking to suppress the cocaine seized by officers employed by the Buffalo Municipal Housing Authority (Housing Authority). The cocaine was seized from the closed compartment of a shaving bag that defendant contended in her suppression motion belonged to her friend, codefendant Elliott James. Although we concluded in the codefendant's appeal that the search was improper (*People v James*, 27 AD3d 1089 [2006]), we agree with the People that defendant lacks standing to contest the legality of the search. Defendant's "moving papers [were] devoid of any allegation that defendant had a legitimate expectation of privacy" (*People v Christian*, 248 AD2d 960, 960 [1998], *lv denied* 91 NY2d 1006 [1998]), and thus defendant failed to meet her "burden of establishing standing by demonstrating a personal legitimate expectation of privacy" in the shaving bag that was found in her bedroom (*People v Whitfield*, 81 NY2d 904, 905-906 [1993]; *see People v Gatti*, 277 AD2d 1041 [2000], *lv denied* 96 NY2d 783 [2001]; *see also People v Thomas*, 246 AD2d 611 [1998], *lv denied* 91 NY2d 1013 [1998]; *People v Miller*, 228 AD2d 979, 980 [1996], *lv denied* 88 NY2d 990 [1996]).

Although defendant contends that the court erred in failing to reopen the suppression hearing based on the testimony of one of the Housing Authority officers at trial, defendant failed to join in the codefendant's motion to reopen the hearing on that ground and therefore has failed to preserve that contention for our review (*see* CPL 470.05 [2]; *People v Highsmith*, 259 AD2d 1006 [1999], *lv denied* 93 NY2d 925 [1999]; *see generally People v Hill*, 300 AD2d 1125 [2002], *lv denied* 99 NY2d 615 [2003]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Defendant also failed to preserve for our review her contentions that the evidence is legally insufficient to support the conviction (*see generally People v Gray*, 86 NY2d 10, 19 [1995]) and that reversal is warranted based on a *Batson* violation (*see People v Latimer*, 278 AD2d 863 [2000], *lv denied* 96 NY2d 785 [2001]; *People v Hoskins*, 254 AD2d 729, 729-730 [1998]; *People v Williams*, 206 AD2d 917 [1994], *lv denied* 84 NY2d 911 [1994]). We likewise decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Present—Pigott, Jr., P.J., Scudder, Kehoe, Pine and Hayes, JJ.