■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS H. CHRISTIANSON, Appellant. [869 NYS2d 723]—

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of marihuana in the second degree (Penal Law § 221.25) and growing of the plant known as cannabis by unlicensed persons (Public Health Law § 3382). Fire officials responded to defendant's mobile home after defendant accidentally ignited a fuel oil fire in his furnace. After the fire officials extinguished the flames in the furnace, they encountered difficulties while attempting to ventilate the home because there was a padlock on one of the interior doors that led to an exit door. Nevertheless, within approximately 45 minutes, the fire officials were able to extinguish the flames, ventilate the home, and conduct an investigation with respect to the cause of the fire. In addition to the locked interior door, the Fire Chief also noticed that the windows were boarded up and that the interior of the home was cluttered. Based on those observations, the Fire Chief requested that a member of the Sheriff's office provide a "second opinion." By the time the Sheriff's Deputy arrived at his home, defendant had been allowed to re-enter and most of the fire officials were no longer there. The Sheriff's Deputy met the Fire Chief outside the home, and then both men walked inside where defendant was sitting. At that point, all officials with the exception of the Sheriff's Deputy exited the home, and defendant remained alone

with him. The Sheriff's Deputy noticed a small piece of what he believed to be marihuana on defendant's coffee table and, after demanding that defendant allow him access to the area behind the locked door, defendant escorted him there. The search of that area resulted in the seizure of multiple cannabis plants, as well as equipment used to cultivate those plants. Defendant also made incriminating statements to the Sheriff's Deputy.

We agree with defendant that the search of his home and the subsequent seizure of equipment and cannabis plants was illegal because the emergency exception to the warrant requirement did not apply. That exception "sanctions warrantless searches and seizures only in limited circumstances presenting an immediate danger to life or property" (*People v Guins*, 165 AD2d 549, 552 [1991], *lv denied* 78 NY2d 1076 [1991]). With respect to fire emergencies, fire officials are not only permitted to enter a building to extinguish a fire without a warrant, but they may also "remain in a building for a reasonable time to investigate the cause of a blaze after it has been extinguished" (*Michigan v Tyler*, 436 US 499, 510 [1978]). Once those duties are completed, however, the emergency exception no longer applies and further searches are subject to the warrant requirement (*see id.* at 511-512). At the time the Sheriff's Deputy arrived at defendant's home, the fire officials had extinguished the blaze, ventilated the home, and determined the origin of the fire. Moreover, the Fire Chief testified at the suppression hearing that he called for the Sheriff's Deputy to investigate other safety concerns, such as the locked interior door and boarded-up windows. Those concerns, however, did not pose an immediate threat to defendant and thus do not fall within the purview of the emergency exception to the warrant requirement (*see generally People v Molnar*, 98 NY2d 328, 332 [2002]; *People v Mitchell*, 39 NY2d 173, 177-178 [1976], *cert denied* 426 US 953 [1976]).

We further agree with defendant that he did not consent to the entrance into his home by the Sheriff's Deputy. "At a hearing upon a motion to suppress, the People have a heavy burden of establishing that a suspect voluntarily consented to a search" (*People v Hall*, 35 AD3d 1171, 1171 [2006], *lv denied* 8 NY3d 923 [2007]). Although consent may be inferred from specific conduct (*see People v Long*, 124 AD2d 1016 [1986]), the record here is devoid of any conduct or words by defendant that would establish consent. Instead, the evidence presented at the suppression hearing established that the Sheriff's Deputy entered defendant's home without speaking with defendant and, in fact, the Sheriff's Deputy testified at the suppression hearing that

defendant did not consent to his entrance. Although the People contend that defendant never demanded that the Sheriff's Deputy leave, we conclude under the circumstances of this case that, without more, the failure to demand that the Sheriff's Deputy leave did not amount to "a true act of the will [or] an unequivocal product of an essentially free and unconstrained choice" (*People v Gonzalez*, 39 NY2d 122, 128 [1976]). We therefore conclude that the physical evidence was illegally seized and must be suppressed, and "[d]efendant's statements must also be suppressed as fruit of the poisonous tree" (*People v James*, 27 AD3d 1089, 1091 [2006], *lv denied* 6 NY3d 895 [2006]). Present—Smith, J.P., Centra, Lunn, Fahey and Green, JJ.