■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR KELLY, Appellant. [872 NYS2d 499]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered December 20, 2004, convicting him of murder in the first degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court

properly denied suppression of certain physical evidence found in the defendant's apartment. "[T]he police may lawfully conduct a warrantless search when they have obtained the voluntary consent of a party who possesses the requisite degree of authority and control over the premises or personal property in question" (*People v Cosme*, 48 NY2d 286, 290 [1979]; *see People v Adams*, 53 NY2d 1, 8 [1981]). Here, the People established that the defendant's wife, with whom he resided in the subject apartment, voluntarily granted the police permission to enter the apartment and voluntarily signed a statement in the detective's memobook memorializing her consent to the search of the apartment (*see People v Forino*, 39 AD3d 664, 665 [2007]). Moreover, the evidence adduced at the hearing established that the defendant's wife had "common authority" over the suitcase-type container recovered from the bedroom that she shared with the defendant (*see United States v Matlock*, 415 US 164, 171 [1974]; *see People v Adams*, 53 NY2d at 9; *People v Loomis*, 17 AD3d 1019, 1020 [2005]; *People v Jackson*, 170 Misc 2d 478, 479, 484-485 [1996]). Accordingly, it was "clearly reasonable for the officers . . . to rely on her apparent capability to consent to a search" of the suitcase (*see People v Adams*, 53 NY2d at 10).

The hearing court properly found that the People established, by clear and convincing evidence, that the in-court identification by an eyewitness was based on that witness's independent observation of the defendant (*see People v Adelman*, 36 AD3d 926, 927 [2007]; *People v Radcliffe*, 273 AD2d 483, 484 [2000]).

The defendant's contention that the admission of a statement by his wife to the police violated his rights under the Confrontation Clause (*see Crawford v Washington*, 541 US 36 [2004]) is unpreserved for appellate review (*see People v Mitchell*, 35 AD3d 507 [2006]; *People v F & S Auto Parts, Inc.*, 24 AD3d 795, 796 [2005]; *People v Bones*, 17 AD3d 689, 690 [2005]). In any event, the evidence of the defendant's guilt, without reference to the alleged error, was overwhelming, and there is no reasonable possibility that the alleged error might have contributed to the defendant's conviction. Thus, any error was harmless beyond a reasonable doubt (*see People v Crimmins*, 36 NY2d 230, 237 [1975]; *People v Rush*, 44 AD3d 799, 800 [2007]). Rivera, J.P., Spolzino, Florio and Leventhal, JJ., concur.