■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUTHER MCGIBONEY, Appellant. [878 NYS2d 777]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Del Guidice, J.), rendered March 23, 2005, convicting him of robbery in the second degree and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The complainant's scar satisfied the "physical injury" element of robbery in the second degree (*see* Penal Law § 10.00 [9]; Penal Law § 160.10; *People v Tejeda,* 78 NY2d 936, 937-938 [1991]; *People v Williams,* 23 AD3d 589, 590 [2005]; *People v Rivera,* 183 AD2d 792, 793 [1992]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

Contrary to the contention raised by the defendant in his supplemental pro se brief, the Supreme Court properly denied that branch of his omnibus motion which was to suppress the physical evidence found on his person. The police had reasonable suspicion to believe that the defendant could have been armed with a knife, and the complainant's property was found

during a pat down for such a weapon (*see Terry v Ohio,* 392 US 1, 29 [1968]; *accord Sibron v New York,* 392 US 40, 65 [1968]). Moreover, the defendant had no expectation of privacy regarding the screwdriver admitted into evidence, which was found on a nearby bridge, and not on the defendant's person (*see People v Whitfield,* 81 NY2d 904, 905-906 [1993]; *People v Thomas,* 246 AD2d 611 [1998]). In addition, the showup identification procedure used by the police in this case was not unduly suggestive (*see People v Duuvon,* 77 NY2d 541, 543 [1991]; *People v Loo,* 14 AD3d 716 [2005]; *People v Fox,* 11 AD3d 709 [2004]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80, 85 [1982]).

The defendant's contentions raised in points I, III, and VI of his supplemental pro se brief are unpreserved for appellate review and, in any event, are without merit. The defendant's remaining contention, raised in point II of his supplemental pro se brief, is without merit. Rivera, J.P., Covello, Dickerson and Chambers, JJ., concur.