■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE HOLMES, JR., Appellant. [913 NYS2d 480]—

Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered September 25, 2007. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [former (3)]), defendant contends that Supreme Court erred in refusing to suppress the weapon and his statements to the police. We reject that contention. The police found the weapon in a duffel bag in the bedroom closet of defendant's girlfriend during a search of the house co-leased by defendant's girlfriend and her mother. Defendant resided in the bedroom part of the time and kept personal items there. We note at the outset that, "[b]ecause defendant has the burden to allege facts sufficient to warrant suppression, the People are not precluded from raising the issue of standing for the first time on appeal" (*People v Hooper*, 245 AD2d 1020, 1021 [1997]; *see People v McCall*, 51 AD3d 822 [2008], *lv denied* 11 NY3d 856 [2008]). The People contest the standing of defendant to challenge the search of the duffel bag only, thereby conceding that he had a legitimate expectation of privacy in the bedroom (*see generally People v Gonzalez*, 88 NY2d 289, 292-293 [1996]). We agree with the People that defendant failed to establish a legitimate expectation of privacy in the duffel bag or its contents inasmuch as no evidence was presented establishing his ownership of the bag (*see generally People v Whitfield*,

81 NY2d 904, 905-906 [1993]; *People v Clark*, 28 AD3d 1231, 1232 [2006]; *People v Gatti*, 277 AD2d 1041, 1042 [2000], *lv denied* 96 NY2d 783 [2001]). We therefore consider the propriety of the search of the bedroom only.

Affording deference to the factual findings and credibility determinations of the court (*see generally People v Prochilo*, 41 NY2d 759, 761 [1977]), we conclude that the mother of defendant's girlfriend had actual authority to consent to the search of the bedroom. Because the mother was a colessee of the residence and paid the rent, she " 'share[d] a common right of access to or control of the property to be searched' " (*People v Madill*, 26 AD3d 811, 811 [2006], *lv denied* 6 NY3d 850 [2006], quoting *People v Cosme*, 48 NY2d 286, 290 [1979]). She therefore had authority to consent to a warrantless search of the bedroom in the absence of defendant or his girlfriend (*see People v Pugh*, 246 AD2d 679, 681 [1998], *lv denied* 91 NY2d 976 [1998], 92 NY2d 882 [1998]; *People v Adams*, 244 AD2d 897, 898 [1997], *lv denied* 91 NY2d 887 [1998]; *People v Moorer*, 58 AD2d 878, 879 [1977]). Even assuming, arguendo, that the mother lacked actual authority to consent to that search, we conclude that the police "relied in good faith on [her] apparent authority . . . to consent to the search, and the circumstances reasonably indicated that [she] had the requisite authority to consent to the search" (*People v Fontaine*, 27 AD3d 1144, 1145 [2006], *lv denied* 6 NY3d 847 [2006]; *see People v Cruz*, 272 AD2d 922, 924 [2000], *affd* 96 NY2d 857 [2001]; *People v Gates* [appeal No. 2], 168 AD2d 995 [1990], *lv denied* 77 NY2d 906 [1991]). We further conclude that the mother's consent was voluntary (*see People v Caldwell*, 221 AD2d 972 [1995], *lv denied* 87 NY2d 920 [1996]; *see generally People v Gonzalez*, 39 NY2d 122, 128-129 [1976]). Based on our determination that the warrantless search of the bedroom was valid, we conclude that the court properly refused to suppress the weapon and defendant's statements to the police as fruit of the poisonous tree (*see People v Carter*, 39 AD3d 1226, 1226-1227 [2007], *lv denied* 9 NY3d 863 [2007]; *cf. People v Riddick*, 70 AD3d 1421, 1424 [2010], *lv denied* 14 NY3d 844 [2010]). Present—Smith, J.P., Centra, Fahey, Peradotto and Pine, JJ.