# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

680

KA 09-00087

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, GORSKI, AND MARTOCHE, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

SEAN M. AYERS, DEFENDANT-APPELLANT.

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DREW R. DUBRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (KELLY CHRISTINE WOLFORD OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Monroe County Court (Alex R. Renzi, J.), rendered November 19, 2008. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, that part of the omnibus motion seeking to suppress evidence is granted, and the matter is remitted to Monroe County Court for further proceedings on the indictment.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that his arrest was not supported by probable cause. We agree. At approximately 3:19 A.M. on a winter day, the police responded to the report of an attempted burglary by a homeowner who had discovered the door of his back porch ajar and one fresh snow footprint inside the house. The homeowner also reported that his wife's vehicle had been opened. One to two inches of snow had fallen early that morning. The first officer to respond began following a footprint trail in the fresh snow, leading away from the house. The officer reported the direction of the footprint trail to two other officers who were in patrol vehicles, canvassing the neighborhood for a suspect. Approximately one hour after the attempted burglary occurred, one of the officers in a patrol vehicle observed defendant running across the street and up the driveway of a house in proximity to the location of the attempted burglary. The officer got out of his vehicle and instructed defendant to stop. The officer then approached defendant and placed him under arrest, and defendant was immediately handcuffed. When defendant asked the officer why he had been arrested, the officer responded, "for breaking into cars." Defendant was pat-searched, and a stolen

credit card was found in one of his pockets.  In addition, a rifle was found during an inventory search of defendant's vehicle, which was located on the same street as the house at which the attempted burglary took place.

Later that morning at the jail, defendant waived his *Miranda* rights and gave a written statement to the police, apologizing for his crime.  Subsequently, while in jail on the present charges, defendant made telephone calls to his girlfriend, which were monitored by the police.  The police used the information from those telephone conversations to obtain evidence that defendant possessed weapons.  Defendant was indicted on 12 counts, three of which included criminal possession of a weapon.

It is undisputed that defendant was arrested immediately upon his encounter with the police.  The arresting officer so acknowledged, and we conclude based on the record before us that a reasonable person in defendant's position would have believed that, under all of the circumstances, he or she was under arrest (*see People v Yukl*, 25 NY2d 585, 589, *cert denied* 400 US 851).  The police, however, lacked probable cause to arrest defendant (*see People v Russell*, 269 AD2d 771).  The officer who arrested defendant had observed him running on the same street where the reported attempted burglary occurred, sometime between 3:30 A.M. and 4:30 A.M.  Although those facts tied defendant to the crime that was being investigated, they justified, at most, a stop based on reasonable suspicion, not an arrest requiring probable cause (*see People v De Bour*, 40 NY2d 210, 222-223).  Furthermore, "the police cannot rely on evidence obtained after an arrest to provide probable cause" (*People v Young*, 202 AD2d 1024, 1026; *see People v Williams*, 191 AD2d 989, *lv denied* 82 NY2d 729).

We further conclude that the police obtained additional evidence against defendant that flowed directly from defendant's illegal arrest, and it cannot be said that such evidence was "sufficiently attenuated from the illegal arrest to be purged of the taint created by the illegality" (*Russell*, 269 AD2d at 772).  Thus, the court erred in refusing to suppress the evidence obtained as a result of defendant's illegal arrest as fruit of the poisonous tree (*see generally People v Christianson*, 57 AD3d 1385, 1388; *People v Parris*, 136 AD2d 882, 883-884, *appeal dismissed* 71 NY2d 1031).  " '[I]nasmuch as the erroneous suppression ruling may have affected defendant's decision to plead guilty' " (*People v Glanton*, 72 AD3d 1536, 1537-1538), the plea must be vacated.

Entered:  June 10, 2011                              Patricia L. Morgan
                                                    Clerk of the Court