THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE HOLMES, JR., Appellant. [932 NYS2d 270]—

Memorandum: On a prior appeal in *People v Holmes* (79 AD3d 1681 [2010]), we affirmed the judgment convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [former (3)]). The police found the weapon in a duffel bag located in the bedroom closet of defendant's girlfriend during a search of the house coleased by defendant's girlfriend and her mother. We concluded that defendant failed to establish a legitimate expectation of privacy in the duffel bag or its contents, and we therefore considered the propriety of the search of the bedroom only (*Holmes*, 79 AD3d at 1681-1682). We further concluded that the warrantless search of the bedroom was valid, and we therefore rejected defendant's contention that Supreme Court erred in refusing to suppress the weapon and his statements to the police as fruit of the poisonous tree (*id.* at 1682). The Court of Appeals reversed our order and remitted the case to this Court for consideration of the propriety of the search of the duffel bag (*People v Holmes*, 17 NY3d 824 [2011]).

Upon remittitur, we agree with defendant that the weapon and his statements to the police must be suppressed. The mother of defendant's girlfriend did not have actual or apparent authority to consent to the search of the duffel bag (*see generally People v Gonzalez*, 88 NY2d 289, 293 [1996]). The People presented no evidence that the mother "shared 'common authority' over defendant's duffel bag, based upon mutual use or joint access and control" (*id.* at 294). The warrantless seizure of the weapon therefore was improper (*see People v Coston*, 271 AD2d 694 [2000], *lv denied* 95 NY2d 833, 962 [2000]; *cf. People v Kelly*, 58 AD3d 868 [2009], *lv denied* 12 NY3d 818 [2009]). We further agree with defendant that his statements to the police must be suppressed as fruit of the poisonous tree (*see People v Christianson*, 57 AD3d 1385, 1388 [2008]; *People v James*, 27

AD3d 1089, 1090-1091 [2006], *lv denied* 6 NY3d 895 [2006]). "[I]nasmuch as the erroneous suppression ruling may have affected defendant's decision to plead guilty . . . , the plea must be vacated" (*People v Ayers*, 85 AD3d 1583, 1585 [2011] [internal quotation marks omitted]). Present—Smith, J.P., Centra, Fahey and Peradotto, JJ.