# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1431/10**
**KA 08-00029**
PRESENT: SMITH, J.P., CENTRA, FAHEY, AND PERADOTTO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

               V                   MEMORANDUM AND ORDER

WILLIE HOLMES, JR., DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered September 25, 2007. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree. The judgment was affirmed by order of this Court entered December 30, 2010 in a memorandum decision (79 AD3d 1681), and defendant on May 25, 2011 was granted leave to appeal to the Court of Appeals from the order of this Court (16 NY3d 895), and the Court of Appeals on September 8, 2011 reversed the order and remitted the case to this Court for consideration of issues raised but not determined on the appeal to this Court in an opinion (17 NY3d 824),

Now, upon remittitur from the Court of Appeals and having considered the issues raised but not determined on the appeal to this Court,

It is hereby ORDERED that, upon remittitur from the Court of Appeals, the judgment so appealed from is unanimously reversed on the law, the plea is vacated, those parts of the second omnibus motion seeking to suppress the weapon and defendant's statements to the police are granted, and the matter is remitted to Supreme Court, Monroe County, for further proceedings on the indictment.

Memorandum: On a prior appeal in *People v Holmes* (79 AD3d 1681), we affirmed the judgment convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [former (3)]). The police found the weapon in a duffel bag located in the bedroom closet of defendant's girlfriend during a search of the house co-leased by defendant's girlfriend and her mother. We concluded that defendant failed to establish a legitimate expectation of privacy in the duffel bag or its contents, and we therefore considered the propriety of the search of the bedroom only

(*Holmes*, 79 AD3d at 1681-1682).  We further concluded that the warrantless search of the bedroom was valid, and we therefore rejected defendant's contention that Supreme Court erred in refusing to suppress the weapon and his statements to the police as fruit of the poisonous tree (*id.* at 1682).  The Court of Appeals reversed our order and remitted the case to this Court for consideration of the propriety of the search of the duffel bag (*People v Holmes*, 17 NY3d 824).

Upon remittitur, we agree with defendant that the weapon and his statements to the police must be suppressed.  The mother of defendant's girlfriend did not have actual or apparent authority to consent to the search of the duffel bag (*see generally People v Gonzalez*, 88 NY2d 289, 293).  The People presented no evidence that the mother "shared 'common authority' over defendant's duffel bag, based upon mutual use or joint access and control" (*id.* at 294).  The warrantless seizure of the weapon therefore was improper (*see People v Coston*, 271 AD2d 694, *lv denied* 95 NY2d 833, 962; *cf. People v Kelly*, 58 AD3d 868, *lv denied* 12 NY3d 818).  We further agree with defendant that his statements to the police must be suppressed as fruit of the poisonous tree (*see People v Christianson*, 57 AD3d 1385, 1388; *People v James*, 27 AD3d 1089, 1090-1091, *lv denied* 6 NY3d 895).  "[I]nasmuch as the erroneous suppression ruling may have affected defendant's decision to plead guilty . . ., the plea must be vacated" (*People v Ayers*, 85 AD3d 1583, 1585 [internal quotation marks omitted]).

Entered:  November 10, 2011                    Patricia L. Morgan
                                               Clerk of the Court