THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KAREEM ISAACS, Respondent. [956 NYS2d 510]—

The defendant's affidavit, in which he stated that he lived in an apartment with his fiancee, established that the defendant had a legitimate expectation of privacy in the apartment and, thus, had standing to challenge the search of the apartment and the seizure of a gun (*see Minnesota v Carter*, 525 US 83, 88-89 [1998]; *People v Adams*, 244 AD2d 897, 898 [1997]). Moreover, in light of the hearing court's particular credibility findings as to the People's witnesses, which we find are supported by the record, the court properly granted that branch of the defendant's omnibus motion which was to suppress the gun that was found in his girlfriend's purse. Given the attendant circumstances, the search of the purse was outside the scope of the protective sweep permitted in executing the bench warrant that was the basis for the defendant's arrest (*see Maryland v Buie*, 494 US 325, 334-335 [1990]; *People v Hernandez*, 218 AD2d 167 [1996]; *United States v Gandia*, 424 F3d 255, 261-262 [2005], *cert denied* 555 US 930 [2008]; *cf. People v Eddo*, 55 AD3d 922, 923 [2008]). Additionally, the hearing court correctly granted that branch of the defendant's omnibus motion which was to suppress his statement regarding his ownership of the gun, as that statement was fruit of the poisonous tree (*see People v Holmes*, 89 AD3d 1491, 1492 [2011]). Dillon, J.P., Balkin, Chambers and Miller, JJ., concur.