■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANGEL MALAVE, Respondent. [975 NYS2d 909]—

Appeal by the People from an order of the Supreme Court, Queens County (Kron, J.), dated April 25, 2011, which, after a hearing, granted the defendant's motion to suppress physical evidence and his statement to law enforcement officials.

Ordered that the order is affirmed.

The hearing court properly granted the defendant's motion to

suppress physical evidence and his statement to law enforcement officials. Following a one-car accident, while the defendant was semi-conscious on an ambulance stretcher, a police officer searched the pockets of the defendant's jacket, allegedly looking for the defendant's vehicle registration and insurance card for the purposes of completing an accident report. At the time, the police officer was already in possession of the defendant's driver license. The police officer discovered a firearm and marijuana inside the pocket of the defendant's jacket and placed him under arrest. The defendant subsequently admitted to ownership of the marijuana.

Contrary to the People's contention, the hearing court properly suppressed the physical evidence obtained from the police officer's search under these circumstances (*see People v Cook*, 85 NY2d 928, 931 [1995]). Additionally, the hearing court correctly granted that branch of the defendant's motion which was to suppress his statement to the police officer, as that statement was fruit of the unlawful arrest (*see Wong Sun v United States*, 371 US 471, 488 [1963]; *People v Jennings*, 54 NY2d 518, 522 [1981]; *People v Isaacs*, 101 AD3d 1152, 1152 [2012]). Rivera, J.P., Lott, Sgroi and Miller, JJ., concur.