People v Grant (2020 NY Slip Op 07914)





People v Grant


2020 NY Slip Op 07914


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2018-06202
 (Ind. No. 2504/16)

[*1]The People of the State of New York, respondent,
v
Elizabeth Grant, appellant.


Paul Skip Laisure, New York, NY (Sean H. Murray of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Sharon Y. Brodt, and Nancy Fitzpatrick Talcott of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Stephanie Zaro, J.), rendered April 30, 2018, convicting her of overdriving, torturing, or injuring an animal (54 counts), and failing to provide proper food and drink to an impounded animal (54 counts), after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing (Deborah Stevens Modica, J.), of that branch of the defendant's omnibus motion which was to controvert a search warrant and to suppress evidence obtained in the execution thereof.
ORDERED that the judgment is affirmed.
The defendant was indicted and charged with, among other things, 54 counts of overdriving, torturing, or injuring an animal in violation of Agriculture and Markets Law § 353, and 54 counts of failing to provide proper food and drink to an impounded animal in violation of Agriculture and Markets Law § 356. The indictment was preceded by the execution of a search warrant upon the defendant's premises, obtained by law enforcement officials based upon two prior warrantless searches of the premises, which revealed a deplorable animal/pet hoarding situation at the residence, including numerous dogs and cats. The warrantless searches arose from law enforcement officials conducting a wellness visit with the defendant's elderly mother, who resided at the subject residence with the defendant and who had recently been the victim of an assault by the defendant's boyfriend. No one answered the door when the officers arrived at the residence for the wellness visit, and the officers were confronted with a horrible, noxious odor emanating from inside the home. The defendant moved, inter alia, to controvert the search warrant and to suppress the evidence obtained in the execution thereof, contending that the search warrant was illegally obtained because it was based on two prior warrantless searches for which no warrant exception can apply. Following a hearing, the Supreme Court denied that branch of the defendant's omnibus motion. Following a nonjury trial, the defendant was convicted of 54 counts of overdriving, torturing, or injuring an animal in violation of Agriculture and Markets Law § 353, and 54 counts of failing to provide proper food and drink to an impounded animal in violation of Agriculture and Markets Law § 356. The defendant appeals, contending only that the indictment against her should be dismissed because that branch of her motion which was to controvert the search warrant and to suppress the evidence obtained in the execution thereof should have been granted.
We agree with the Supreme Court's determination denying that branch of the defendant's omnibus motion which was to controvert the search warrant and to suppress the evidence obtained in the execution thereof. Evidence at the hearing established, inter alia, that the law enforcement officials conducted the first complained-of warrantless search after they were presented with an emergency situation that justified a warrantless entry into the defendant's residence (see People v Molnar, 98 NY2d 328; People v Mitchell, 39 NY2d 173), and that the second complained-of warrantless search of the defendant's residence was conducted upon the consent of the defendant's brother, who co-owned the subject residence with the defendant and the defendant's mother (see People v Gonzalez, 88 NY2d 289; People v Xochimitl, 147 AD3d 793, 794; People v Madill, 26 AD3d 811). Accordingly, the record supports the court's determination that the subsequently obtained search warrant was not obtained as a result of an illegal entry into the defendant's residence (see People v Anglin, 178 AD3d 839).
CHAMBERS, J.P., AUSTIN, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court