People v Arroyo (2022 NY Slip Op 06938)

People v Arroyo

2022 NY Slip Op 06938

Decided on December 7, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.

2019-14111
 (Ind. No. 2164/18)

[*1]The People of the State of New York, respondent,
v
Anibal Arroyo, appellant.

Patricia Pazner, New York, NY (Anna Jourevleva of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Eric C. Washer, and Michael Tadros of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Daniel Lewis, J.), rendered November 8, 2019, convicting him of robbery in the first degree, robbery in the second degree, and criminal possession of stolen property in the fifth degree, after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of robbery in the first degree and robbery in the second degree beyond a reasonable doubt. Contrary to the defendant's contention, the evidence adduced at trial was legally sufficient to establish that the knife that the defendant threatened to cut the complainant with constituted a "dangerous instrument" within the meaning of Penal Law § 10.00(13) (see id. § 160.15[3]). The evidence was also legally sufficient to demonstrate a "physical injury" within the meaning of Penal Law § 10.00(9) (see id. § 160.10[2][a]; People v McGiboney, 62 AD3d 812; People v Saeed, 60 AD3d 975, 977). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon review of the record here, we are satisfied that the verdict of guilt as to those crimes was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
DILLON, J.P., BRATHWAITE NELSON, MILLER and MALTESE, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court